## LORD AND ANOTHER *vs.* LORD AND OTHERS.

Where a clear and manifest intention can be deduced from the provisions of a will, that a legacy to the testator's wife was intended by him to be in lieu of dower, it will be so regarded, and in case of a deficiency of assets, such legacy does not abate rateably with other legacies, for the payment of the testator's debts.

A testator, whose estate was inventoried at about twenty-two thousand dollars, nearly one-half of which was bank stock, after stating substantially in the prefatory part of his will, that he was desirous of disposing of his estate, made provision for the payment of his debts, which proved to be insufficient for that purpose. He then gave his wife during her widowhood the use of his dwelling-house, garden and lot adjoining, one-half the rent of his fishery and the use of one-half of his household furniture, the income of fifty-seven shares of bank stock, and charged upon his home farm the annual payment to her of certain products of such farm, and also gave her absolutely twenty shares of said bank stock. Held, that the provision so made for the testator's wife was in lieu of dower, and that the bank stock bequeathed to her was not to abate proportionally with other legacies for the payment of his debts.

THE claims. of the parties in the above entitled cause, as to the manner in which the personal estate of William M. Lord, deceased, should contribute to the payment of such debts as were not provided for by the property specifically appropriated for that purpose, having been reserved by this court, (see 22 Conn. R., 595,) for further argument, that question was argued at the term of this court, holden at Norwich, in July, 1854.

The prefatory clause of said will was as follows :

"In the name of God, Amen, I, William M. Lord, of Lyme, in the county of New London, and state of Connecticut, knowing that death is an event certain to occur to all, yet that it is known to him who controls all events when I may be called hence, and having been through his divine providence, preserved to this hour, in the possession of good health of body and of sound disposing, meaning and understanding, I am desirous of disposing of the estate which he has intrusted to my stewardship in such manner as shall in my judgment, be best calculated to prevent controversy and promote concord and happiness among those of my relations and my friends, who may survive me, and who may have claims upon my regard and affections. I do therefore make and ordain this my last will and testament."

The other material facts are sufficiently stated in the report of the case above referred to.

*Ingham*, for Nancy Lord, contended,

1. That the provision made by the testator, in his will, for his wife, was intended by him to be in lieu of dower in his estate, and was so accepted by her. She takes therefore by purchase, an absolute estate, for which she pays an equivalent, by the surrender of her right to dower.

If the equivalent were very excessive in amount, the transaction, to the extent of the excess, might be fraudulent, and void as to creditors. 1 Sw. Dig., 89. 1 Rop. on Leg., 297. 6 Met., 44. 6 Gill., 120. *Blower* v. *Morret*, 2 Ves.

Sen., 420. *Williamson* v. *Williamson,* 6 Paige, 298. *Sanford* v. *Jackson,* 10 Paige, 266. *Stuart* v. *Carson,* 1 Des., 500. *Merritt* v. *Emery,* 10 Pick., 507. *Isenhart* v. *Brown,* 1 Ed. Ch., 411. 4 Kent Com., 56.

2. That the intention of the testator is clear from the will itself. Any other construction would be wholly inconsistent with the other provisions in the will, and would defeat the manifest intent of the testator. The widow has accepted the provision in the will, in lieu of dower, and is barred of dower. Stat. 1849, p. 277. 10 Pick, 507. She has taken possession, as far as she was able, under the will, of the property bequeathed to her, and has always regarded and treated it, as an equivalent for her dower. She could not now claim dower, if she would.

3. That it is not necessary that the disposition in the will should be expressed to be in lieu of dower; it is settled that such intention may be inferred or implied like any other fact. 1 Sw. Dig., 89. *Stark* v. *Hunnton,* Saxton, 216. *Davidson* v. *Davidson,* 3 Green. Ch. R., 235, 237. *Addison.* p. 350. *Hamilton* v. *Buckwalter,* 2 Yeates, 389. *O'Brien* v. *Elliott,* 15 Maine, 125. *Tilley* v. *Folger,* 14 Ohio, 610. *Hubert* v. *Wren,* 7 Cranch, 370. *Adsit* v. *Adsit,* 2 Johns., Ch., 448. *Kennedy* v. *Nedron,* 1 Dall., 415. *Jackson* v. *Churchill,* 7 Cow., 287. *Perkins* v. *Little,* 1 Greenl. R., 150. 4 Kent Com., 56, 59, 1. Eq. Dig., tit. Devise.

4. That the claim that the legacy, in lieu of dower, does not extend beyond the simple value of the dower itself, and that, consequently, all beyond that, is liable for debts, in a case between the widow and creditors, might be regarded; but, in a case between the widow and heirs, or legatees, it is unsupported by either reason, or authority. All the property given is upon the same consideration, and for the same purpose. All is accepted in lieu of dower; not part of it.

*Mc Curdy* and *Chadwick,* for Wm. M. Lord, contended,

1. That the real estate, specially · devised, is exempt from abatement. *Brainard* v. *Cowdrey*, 16 Conn. R., 1.

2. That the specific legacies must abate proportionally. ' The legacy to a widow is exempt, only where given in lieu of dower, by express terms, or a necessary implication. 1 Ed. Ch. Cas., 411. *Isenhart* v. *Brown*, and the cases therein cited. 2 Mr. Ex., 978. *Blowers* v. *Merrit*, 2 Ves. Sen., 420. 1 Rop. Leg., 365. *Jest* v. *Brown*, 3 Call., 11. Eq. Dig. Abate. Leg., 218. Here, nothing shows such an intention. The full amount, or value of the dower, is given out of the real estate. There can be no presumption that the legacy is given in lieu of dower, and to make up for that which is already satisfied. The legacy is not in lieu of, but in addition to, the provision for dower.

2d. The widow's legacy is not exempt from abatement, unless there is an inchoate right of dower, during the husband's life. *Perrine* v. *Perrine*, 1 Halsted, 133. In this state there is no such right. Stat., 277.

ELLSWORTH, J. When this case was before us, last year, we left the point now in dispute, for a more full and thorough argument. That argument we have now heard, and we are now ready to declare that the law in fact is what we then intimated it might be.

All the books agree, that a devise or legacy given to the widow in lieu of dower, is not to be required to contribute with other legacies, to the payment of debts due from the estate. *Hubbard & al.* v. *Hubbard & al.*, 6 Met., 50. ' *Williamson* v. *Williamson*, 6 Paige, 305. 6 Gill, 120. Amb., 245. 1 Rep. on Leg., 298. 1 Russell, 543. The widow is considered in the light of a purchaser; not taking her legacy as a gratuity, but as an equivalent for what she relinquishes. Were it not so, she might lose all her interest in the estate, for, having relinquished her dower, she cannot return to it afterwards and claim her former right, certainly not without great difficulty and embarrassment to the estate. Nor do we understand that the respondents call in question this as

Lord and another *v.* Lord and others.

a general principle of law, but only its application to this will, and more especially in Connecticut, by reason of our statute, which is supposed to be inconsistent with this notion. The more serious question, however, is its application, as we have just said, to this will. It is claimed the rule is never applied unless the language of the will, in so many words or equivalent words, positively declares that the legacy is to be in lieu of dower. We agree that the books say that the legacy is not in bar of dower unless it is so expressed, but then they do not say how it may be expressed; it must be clearly and satisfactorily expressed, and that is enough. The rule depends essentially on the intention of the testator, and that intention is to be gathered from all the parts of the will taken together; any other rule would be inconsistent and absurd. No technical language or form of expression can be uniformly necessary. The presumption is undoubtedly, that a legacy is a bounty, and not a payment or satisfaction of a debt or demand. The burthen of proof, is on him who asserts the contrary, and the question in the present case must be answered, much as it would be, if the widow were before us, claiming her dower, after having accepted, and so long enjoyed, the provision made for her in the will. We think she could not take both.

We admit it is not always easy, where the language is not full and explicit, to decide what the testator did mean in this particular, but it must be ascertained, and often has been, though not in form expressed. In seeking after the intention of the testator, some have thought the English courts were too much restricted, and too technical in construing the language of the will; certain it is that in some of the cases, the obvious intention of the testator has been defeated, though this is not especially to be complained of in some of the cases, since every will has its peculiar clauses, and the most enlightened judges differ in the construction of them, when drawn in the best manner. See the cases collected in *Adsit* v. *Adsit*, 2 Johns. Ch., 455, and the

learned and able comments upon them by chancellor Kent, as likewise, 1 Lead. cases in Eq., 283. For ourselves, we are disposed to take the will of Dr. Lord and put upon it his own construction, as we think we can do, to our own satisfaction. We hold the meaning to be clear, beyond any reasonable question, that his widow is not to have the ample and generous bequests given her in the will, (far exceeding the value of her dower,) in addition to her dower. 1. The testator begins by saying, " I am desirous of disposing of the estate which God has entrusted to my stewardship, in such manner as shall, in my judgment, be best calculated to prevent controversy, and promote concord and happiness among those of my relations and friends who may survive me and who may have claims upon my regards and affections," that is, I am going to divide and apportion all my property, all that over which I am owning a stewardship, among all who have claims upon my regards and affections, and none of them are to enjoy it otherwise than as I herein direct. Now, who can believe that Dr. Lord intended only to help out the law in distributing his estate, so that his widow should have a double portion, and his other legatees so much less? But 2ndly, he gives her his dwelling-house and garden, and lot adjoining, on which the chaise house stands, to be hers while she remains his widow. Has she now an estate in this land and these buildings, during her widowhood, by the devise, and an estate for life in one-third of it by dower? 3rdly, He gives her an ample estate, both real and personal, that she may not need dower for her maintenance. Is this to be augmented with the addition of dower? 4thly, She is to have as much fruit from the farm given Wm. M. Lord as she wants, pasturage for one cow, one horse, hay for them, fire-wood cut and corded at her door, twenty bushels of corn, twenty of oats, twenty of potatoes, three hundred pounds of beef, to be furnished each year, and all is charged on the farm, in whose hands soever it may be. Now has she, back of all this, a title for life to one-third of

this farm ? So three other pieces of real estate given Wm. M. Lord, *viz.*, the farm on which the testator lived, the north half of an island in the Connecticut river, with its shad-fishery, and the farm on Malachi hill, which he bought of Thomas D. Lord, are given to William M. Lord, in trust for his mother-in-law, and his unmarried sisters. Has the widow a life estate in one-third of this property ? 5thly, He directs his star lot to be sold, if necessary, to pay debts. Is there dower here ? 6thly, After dividing to the devises all his estate, real and personal, except what he designs for debts, in order to carry out the purpose of a final settlement of his entire property, he gives whatever remains to the daughters of his two deceased brothers, Joseph and Enoch.

From these considerations, it is evident, that Dr. Lord meant to make a specific division of all his property, to be held and enjoyed in the specific form in which he gave it, free and clear of the right of the widow to her dower, and if that intention is to govern us, it would be as inconsistent for her to claim one half of the personal estate as the use of one-third of the real estate, and such a double share by her would shock every honest and honorable mind. No such intention can be ascribed to Dr. Lord, and none to his widow ; ·for she received the provision made for her in the will and has, at no time, thought of claiming anything more.·

Our statute, page 277, § 20, provides "that when any testator shall devise or bequeath any estate, real or personal, or any pecuniary legacy to his widow, in lieu of dower, she shall within two months next after the time limited for the exhibition of claims against such estate, give notice in writing to the court of probate, before which the will may be proved, that she declines to accept such legacy or devise, and if she fail to give such notice she shall be barred of her dower, and such devise or legacy shall be assigned to her in lieu thereof."

The statute seems to be made for just such a case as this.

It is not needed where the will, in so many words, declares the devise shall be in lieu of dower, for in such case, when the devise is accepted, it would of course be a perfect bar to her dower, certainly in equity, if not at law. Chancellor Kent says, in both, and that such are the modern if not the ancient authorities. 4 Kent Com., 57. In the present case, that language is not used, and yet, if we are right in our construction of the will, the devise is in lieu of dower, and then the statute declares it shall be absolutely so, making that certain which was not made so by the will, and it further provides that this implied and equitable bar of dower shall be followed by an assignment to her in lieu thereof.

As this statute is not necessary, as already said, where there is a positive direction in the will, so it must not be held that every slight gift to the widow is to be held to be in lieu of dower. We must look for the intention of the testator, and then the statute is to be applied to prevent her taking a double portion, according to that intention. To guard against the possibility of the widow taking a double portion, they have, in Massachusetts, and several other states, a statute passed as early as 1783, varying the common law. It provides that if the widow claims her dower, she shall receive no benefit from the testamentary provision, unless it appears by the will, plainly the testator's intention it should be an addition to her dower; our statute is not thus guarded and particular, but leaves room for a fair and just construction of the testator's intention, but as this construction is to be had under the common law rule, that every legacy is presumed to be a bounty, there will be no danger of an erroneous conclusion. The Massachusetts statute reverses the rule of the burden of proof.

It has been said, that while at the common law, the wife may be considered to be a purchaser, it is because, by that law, she is endowed in all the real estate which her husband had during the marriage, yet in this state, it is not so, because here she is endowed in what he was possessed of,

at his death.   We attach no importance to this distinction;
for here, she takes as a purchaser, both real and personal
estate, for she takes them (personal estate to a limited extent)
against creditors and heirs, even though the estate be insol-
vent.   This is what she relinquishes under our statute by
taking under the will.   Her right, it is true, does not reach
property as far back as in England, but it is of the same
character, as far as it does reach, and in our courts is entitled
to the same regard and the same exemption, as there.   The
fact that our law considers it for the benefit of commerce to
allow the husband to·deed away his land, without the con-
sent of his wife, is no argument, why she should not be con-
sidered a·purchaser, so far as he does not convey it away,
but leaves it untrammelled at his death.

We advise judgment accordingly.

WAITE, J.   The testator, in this case, by his will, directed
that his debts should be paid out of certain specified prop-
erty, and, having no children, divided the residue of his
estate, with the exception of a few small legacies, between
his wife, his adopted daughter and his nephew.

He gave to his wife, the use of his dwelling-house, certain
lands, and half the rent of his fishery, during her widowhood,
and the residue of his home farm he devised to his nephew,
charged with the payment to her annually of certain articles,
the produce of the farm.

His bank stock, amounting to more than nine thousand
dollars, and constituting nearly one-half of all his estate, he
disposed of as follows.   He gave to his wife twenty shares,
absolutely, and the income of fifty-seven more, during her
widowhood, and upon her decease or marriage, he directed
that they should be divided between his daughter and the
children of his nephew.   The remainder of his bank stock,
being one hundred shares, he gave, in trust, for the use and
benefit of his daughter.

The property specifically appropriated for the payment of

debts, proves insufficient for that purpose, and, it is admitted, that it becomes necessary to resort to the bank stock, to supply the deficiency; and the question now is, in what manner it shall be made to contribute.

It is claimed, on the part of the widow, that no portion of that which is given to her, shall be made to contribute, because it is to be considered as having been given to her, in lieu of dower in the real estate. But there is nothing in the will indicating that such was the intention of the testator. It is given to her unconditionally, and in the same manner as that given to his daughter, and without the least intimation, so far as I can discover, that it is to be in lieu of, or in bar of dower.

Besides he has given to her the use of a valuable portion of his real estate, and it does not appear from the will, but that use, with the produce of the farm, which she is to receive, is fully equal to what her dower would be, independent of the bequest of the bank stock. Nor does it appear but the bequest was as much a bounty, as the portion given to the daughter.

There are indeed, cases in England, where it has been holden that a legacy given to a creditor, in consideration of the debt due to him, or to a widow, in consideration of her relinquishing her right of dower, is entitled to a preference of payment over other legacies, which are mere bounties. 2 Williams Execs., 976. In such cases, the creditor and the widow are considered as standing in the situation of purchasers.

But I find no case where such preference was ever given, unless the consideration was expressed in the will. The case before us is, therefore, not brought within the principles recognized in any adjudged case to which we have been referred.

And even if the English rule went to the extent claimed, in relation to bequests to widows, it ought not to have any application in this state, where the law respecting dower is

very different from what it is in England. There, a widow is entitled to dower in all the real estate, of which her husband was seized during the coverture, notwithstanding any conveyance which he may have made. In many cases, therefore, it may be an object for him to extinguish that claim of hers, by a purchase of her right.

But in Connecticut, she can be endowed only of such lands, as her husband died possessed of, in his own right. It is, therefore, in his power by deed to cut off entirely her right of dower. Still he may, if he please, make provision for her by his will, and in it declare that it shall be in lieu of dower, and then it is at her option, either to take her dower, or the provision made for her, upon the terms prescribed in the will; and the statute has limited the period within which she must give notice if she decline accepting the provision made for her.

If the widow in the present case, can have her legacies entirely exonerated from contribution for payment of debts, and the burden cast upon the bank stock given to the daughter, without any intimation or expression in the will, indicating that such was the intention of the testator, I do not see but that it must follow that, in every case, a legacy to a widow will be entitled to the like exoneration, so long as there is other personal property that can be taken for the payment of debts; a rule that, in many cases, might operate unjustly, and even entirely defeat the intention of a testator.

He may have intended, by means of legacies, to divide his estate between his wife and children, in fair and just proportions, and if, as in the present case, his debts should prove greater than he contemplated, that proportion might be destroyed, and while his widow might receive her legacies in full, his children might receive little or nothing.

Indeed, in the present case, there is strong reason to believe that, upon the construction given to the will by a majority of the court, the intention of the testator, in relation to the

disposition of his bank stock will be entirely changed, and a result produced, which, were he living, he would never tolerate. It is manifest that he supposed the fund appropriated for the payment of his debts was sufficient for that purpose, and that he meant his daughter should have the greatest share of his stock,—whereas that share may be greatly reduced, if not entirely swept away. But if each were to contribute according to the amount of their shares, the same relative proportion would be maintained.

The rule thus required, in my judgment, will not only, in many cases, be productive of great inequality and injustice, but will be in violation of a very wise provision in our statutes. It is enacted that "whenever any estate, real or personal, bequeathed or devised to any person, shall be taken and sold for the payment of the testator's debts, as the law provides, all the other legatees, devisees, or heirs, shall contribute their average, or proportional part of such estate, to the person from whom such legacy or devise shall be taken away, and he may maintain an action at law to compel such contribution." Statutes, tit. Estates, § 45.

Here is no exception in favor of any legacy to a wife, and if the legacy of the daughter should be taken for the payment of the debts of the deceased, I see not why she might not, under the provisions of that statute, maintain an action at law to compel the widow to contribute. The statute is founded upon the soundest principles of justice and equity, and ought not to be departed from, unless the testator, in the plainest terms, has otherwise ordered in his will.

I am, therefore, of opinion, that the legacies of the bank stock should all contribute proportionally towards the payment of the balance of the testator's debts.

CHURCH, C. J., was of the same opinion.