NOVELTY MANUFACTURING COMPANY, Appellant, v. J.
M. PRATT, Respondent.

Kansas City Court of Appeals, March 2, 1886.

1. PRACTICE—INSTRUCTIONS—COMMON ERROR.—A party cannot complain in this court of the refusal of an instruction asked by him, if the trial was had on a theory, which was the theory presented by his own instructions.

2. VOLUNTARY CONVEYANCES—RELEASE OF DOWER IN HOMESTEAD A SUFFICIENT CONSIDERATION—CASE ADJUDGED.—The release by the wife of her dower in her husband's homestead is a sufficient consideration for a conveyance of a stock of goods directly to her in exchange for her interest so released. The inadequacy of the consideration as compared with the value of the interest conveyed, will not vitiate the conveyance, unless it was actually fraudulent. At law the conveyance is good for the whole property conveyed, in equity it would be good only to the value of the property ceded by the wife. The conveyance, in this case, was not a voluntary conveyance.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Affirmed.*

The case is stated in the opinion.

SILVER & BROWN and STEPHENS & SMITH, for the appellant.

I. A voluntary conveyance is *prima facie* evidence of an intent to defeat and defraud creditors, where the party making it, or procuring it made, is loaded with debt at the time. *Holloway v. Milliard*, 1 Maddock's Rep. 225.

II. The transfers, in this case, according to the evidence of the defendant, were merely colorable. Where property is conveyed to a married woman to enable her husband to hold it, through her, as his own, the purchase money being paid by him, or the credit being given to

him, the wife will be held to have taken the property in
her name,, for his use, and a trust would result to him for
the benefit of creditors. *McLaran v. Mead*, 48 Mo. 115 ;
*vide* Story's Eq. Jurisp., sect. 349.

III.    The undisputed evidence, being that of defend-
ant himself, shows that his wife never took actual posses-
sion of the stock of goods ; never exercised any acts of
visible or open ownership over it. hence the transfer to
her was fraudulent as against creditors. *Stern v. Henley*,
68 Mo. 262.

IV.    The verdict is, therefore, without evidence to
support it, and the instruction asked by plaintiff should
have been given, and those given for defendant were
erroneous, and the judgment should be reversed.

J. B. WILCOX and A. W. MULLINS, for the re-
spondent.

I.    The plaintiff's instruction, which was refused,
was inapplicable to any issue on trial. The first part of
it *assumed* that defendant was insolvent; that he had
creditors, and that fraud on his part was to be presumed.
The instruction then changes from this theory to another.
That is to say, that unless there was such *change of pos-
session* from the sellers of the stock of goods to Mrs.
Pratt, as would consummate the sale under the statute of
frauds, that the jury must find for the plaintiff. This
might have availed in a controversy between the sellers
and some creditors of theirs, but *in this case* there was
no such issue. *Dinwiddie v. Jacobs*, 82 Mo. 195 ; *Comer
v. Taylor*, 82 Mo. 341.

II.    The defendant's instructions fairly presented
the real issues involved, as, for instance, the truth of at
least one of the charges on which the attachment was
grounded, the plea in abatement putting each of them in
issue, and that fraud was not to be presumed, but that it
devolved upon plaintiff to prove it. *Chenault v. Chap-
ron*, 5 Mo. 538; *Tucker v. Frederick*, 28 Mo. 574; Drake
on Attachment (5 Ed.) sects. 101, 409.

III. Where there is any evidence to support the finding in the lower court, the judgment must stand. *Gillespie v. Stone*, 43 Mo. 350; *McAfee v. Ryan*, 11 Mo. 364; *Russell v. Berkstresser*, 77 Mo. 417; *Huckshorn v. Hartwig*, 81 Mo. 648; *The State v. Mansfield*, 41 Mo. 470.

HALL, J.—This is an action by attachment. The grounds of the attachment were four in number. The third ground was, that the defendant had fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors. The defendant filed his plea in abatement, and a trial of the issues thus raised resulted in defendant's favor.

The plaintiff complains here that the trial court refused one instruction asked by it. The trial was had, it may be conceded, upon a theory too favorable to the defendant; but of this the plaintiff is not in a position to complain, because that theory was its theory, presented in its instructions. Having tried the issues in this proceeding upon one theory in the trial court, the plaintiff cannot have this court review the trial upon another theory.

There was sufficient evidence to support the finding of the jury under the instructions given for the plaintiff.

The single question presented for our determination is as to the refusal of the plaintiff's second instruction by the court. That instruction is as follows:

"2. The jury are instructed that it having been shown that prior to this attachment, to-wit: on the thirteenth day of October, 1882, the defendant was insolvent and purchased from Halliburton & Holloway, their stock of hardware, amounting to $3,200, in the name of his wife, Elizabeth Pratt, raises a presumption of fraud as against his creditors, and the burden is on him to show by affirmative proof that the said stock was paid for with the own separate funds, or means, of his wife, and that she took the actual possession of the same, and that it was open, notorious, and unequivocal, accompanied by

the usual marks and *indicia* of ownership by a complete change of control over the property, and by some act which operated to divest the title and possession from Halliburton & Holloway and vest the same in her, and unless the defendant has so done they are bound to find for plaintiff."

The evidence upon which that instruction was based was the testimony of the defendant to the effect that some time prior to the institution of the attachment, he had exchanged his homestead for a stock of goods; that his wife refused to release her dower in the homestead unless the stock of goods should be conveyed to her; that he consented to the demand of his wife, and that accordingly the party from whom the stock of goods was obtained, conveyed the same directly to his wife. To support said instruction there was also the testimony of a witness for the plaintiff, that the defendant, at the time of the above named exchange, was insolvent.

In passing, it may be noticed that said instruction improperly assumes that the defendant was insolvent at the time mentioned therein. Waiving that defect, and all other objections that can be made to the form of the instruction, it must be conceded that it was erroneous unless the conveyance, made to the defendant's wife under the circumstances above named, is to be considered a voluntary conveyance from the defendant. The conveyance was not a voluntary conveyance. The release by the wife of her dower in the defendant's homestead was a sufficient consideration to support the conveyance. *Woodson v. Pool,* 19 Mo. 344; Bump on Fraudulent Conveyances, 317; 1 American Leading Cases, 81.

The inadequacy of the consideration, as compared with the value of the property conveyed, will not vitiate the conveyance, unless it was actually fraudulent. At law the conveyance was good for the whole property conveyed; in equity it would have been held good only to the value of the property ceded by the wife. 1 American Leading Cases, 81.

Judgment affirmed. All concur.