BANK OF COMMERCE, *Appellant*, v. CHAMBERS *et al.*

1.  **Husband and Wife**: INCOME IN LIEU OF CURTESY: CREDITORS' CLAIMS: WILL.  A husband who releases his curtesy in his wife's estate, accepting in lieu thereof an income given him by her will, will be regarded as a purchaser of such income, and not a mere recipient of his wife's bounty, and the income will be subject to the claims of his creditors, notwithstanding the provisions of the will exempt it from such claims.

    | 96 459 |
    | 118 489 |
    | 96 459 |
    | 88a 96 |

2.  ——— : ——— : ——— : ——— : PRACTICE.  The creditor might proceed to sell the curtesy estate, take a sheriff's deed, bring an action of ejectment and on the trial show the fraud and thus succeed.  But as the deed of release would still remain a cloud on the title, requiring a decree in equity to remove it, the creditor may resort in the first instance to a court of equity, and, by subjecting the income to the payment of his claim, obtain full and complete relief in a single proceeding.

3.  ——— : ——— : ——— : ——— : ——— : EQUITY JURISDICTION.  Fraud and trust are both ancient grounds of equitable jurisdiction, and when such jurisdiction is original and ancient, it will not be ousted by the mere fact that a court of law can afford an apparently adequate remedy.

4.  ——— : ——— : ——— : ——— : ——— : ———.  The plaintiff in this case had the right to go into a court of equity to have it construe the clause and enforce the trust created by the will, and the facts alleged in the petition and the prayer for general relief authorized such action by the court.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

REVERSED AND REMANDED.

*Albert Arnstein* and *J. P. Maginn* for appellant.

(1) A man cannot tie up his own property or the proceeds thereof to his own use so that his creditors cannot reach it. *McIlvaine v. Smith*, 42 Mo. 45 ; *Potter v. Merrill*, 9 N. E. Rep. 572. (2) The debtor or fraudulent alienee cannot compel the creditor to elect which method of procedure or class of property he will pursue. Wait on Fraud. Convey. 102 ; *Gray v. Chase*, 57 Me. 558 ; *Vasse v. Henderson*, 40 Miss. 519 ; *Edmunds v. Mister*, 58 Miss. 766 ; *Baker v. Lyman*, 53 Ga. 339. (3) The right of a judgment creditor to levy execution upon property fraudulently conveyed, and to proceed to subject it to sale for his debt, is not affected by the ownership of other property by the debtor sufficient to satisfy and liable to the judgment. *Vasse v. Henderson*, 40 Miss. 519 ; *Gray v. Chase*, 57 Me. 518.

*Hitchcock, Madill & Finkelnberg* for respondent.

The petition shows that Marie C. Chambers, the testatrix, from motives of love and affection for her husband, created a trust fund out of her own estate in his favor, the rents and profits of which are to be paid into his hands alone, free from the claims and demands of creditors and for the express purpose of securing to her said husband a maintenance through life. That such provisions are lawful, and that the will of the donor will be upheld as against creditors, is declared in the following cases : *Nichols v. Eaton*, 1 Otto, 716 ; *Hyde v. Woods*, 4 Otto, 523 ; *Bank v. Adams*, 133 Mass. 170 ; *Pope v. Elliot*, 8 B. Mon. 56 ; *Morris v. Morris*, 33 Grat. 51, 73 ; *Johnson v. Zane*, 11 Grat. 582 ; *Nickell v. Handly*, 10 Grat. 336 ; *Thackara v. Mintzer*, 100 Penn. 151 ; *Rife v. Geyer*, 59 Pa. St. 113 ; *Fisher v. Taylor*, 2 Rawle, 33 ; *Steib v. Whitehead*, 111 Ill. 247 ; *Hill v. McRae*, 27 Ala. 175 ; *White v. White*, 30 Vt. 338 ;

*Leavitt v. Beirne*, 21 Conn. 1; *Hardenburgh v. Blair*, 30 N. J. Eq. 645; *Buchannan v. Schuldermann*, 11 Ore. 150.

SHERWOOD, J.—The petition in this case, omitting formal parts, is as follows: "That on the eighth day of April, 1881, in a case numbered 55,867, in the circuit court of the city of St. Louis, in the state of Missouri, being a case of it, the Bank of Commerce, as plaintiff, against B. M. Chambers and Margaret F. Smith, defendants, it recovered judgment against Chambers and Smith, for the sum of five thousand one hundred and thirty-four dollars and thirty-five cents ($5,134.35), and costs, which judgment was therein ordered to bear interest at the rate of ten (10) per cent. per annum from its date; that thereafter, to-wit, on the eighteenth day of May, 1881, the plaintiff caused an execution to issue on said judgment, which execution was numbered 150, returnable to June term, 1881; that said execution was directed and delivered to the sheriff of the city of St. Louis, and was by him duly returned on the sixth day of June, 1881, *nulla bona;* that thereafter, to-wit, on the nineteenth day of October, 1882, in another case, 56,939, in the circuit court of the city of St. Louis, state of Missouri, being the case of it, the Bank of Commerce, as plaintiff, against B. Maziere Chambers and R. Graham Frost, as defendants, it recovered a judgment against B. Maziere Chambers, who is a defendant in the present suit, and R. Graham Frost, for the sum of five thousand five hundred and fourteen dollars and thirty-seven cents ($5,514.37), and costs, which judgment was therein ordered to bear interest at the rate of ten (10) per cent. per annum from date; that thereafter, on the second day of January, 1884, the plaintiff caused an execution to issue on said judgment, which execution was number 135, returnable to February term, 1884; that said judgment was directed and delivered to the sheriff of the city of St. Louis, and by

him duly returned, on the fourteenth day of February, 1884, *nulla bona.* And plaintiff further says that nothing has been paid on either of the above mentioned judgments ; that none of the defendants in either said cases has any property or effects of any kind subject to execution and levy.

"And plaintiff says that Mrs. Marie C. Chambers, the wife of defendant B. Maziere Chambers, died on the ninth day of December, 1883, in the county of St. Louis, state of Missouri ; that she made a will which was duly probated in the probate court of St. Louis county, on the twentieth day of December, 1883 ; and a certified copy thereof was filed in the office of the recorder of deeds, of the city of St. Louis, state of Missouri, in book 723, page 81, on the twenty-fourth day of December, 1883 ; that among other provisions immaterial to this case, the said testatrix gave the income of property worth half a million dollars ($500,000), which income is now twenty thousand dollars per annum ($20,000), to the defendant Walsh, in trust for the defendant Chambers, during his natural life."

The language of the will on this point is as follows :

"Seventh. All of the rest and residue of my estate, real, personal and mixed, whereof I shall die seized, entitled or possessed, I give, bequeath and devise to my brother Julius S. Walsh, in trust, that he manage, hold and dispose of the same during the natural life of my husband ; that quarterly he pay the net rents, issues and profits arising therefrom into the proper hands of my husband alone, or such person or persons as he, my husband, by any order in writing may for that purpose appoint, and after the death of my husband, to convey to such person or persons, for such estates and in such portions, as would by the laws of Missouri, then in force, be declared to be my rightful heirs had I survived him ; provided, that such heirs be descendants of mine, they or the survivor of them shall have only a contingent

estate in the property thus inherited, to become vested only on his or hers, the survivor, attaining majority, and upon the death of any one, the inheritance to be declared to the exclusion of my husband, my desire being that my estate should remain in my family if it cannot among my descendants, and I give to my said trustee the power to sell or convert any part of the trust property and the proceeds thereof, to reinvest in such real or personal estate or in such securities as to my said trustee may seem expedient and discreet; or to employ the same in the improvement of any portion of my real estate, giving also to my said trustee power to lease over for a term of years not exceeding thirty, but in every instance of such sale, conversion, lease or improvement the written consent of my husband thereto to be first had and obtained, and without such consent, no exercise of powers herein conferred to be valid, my object and my only object, and I have by the creation of this trust, none other, than that because of the affection I entertain for my husband, the tender love which has characterized our union with each other, the fear he may become embarrassed, I may, of my own estate, always throughout his life, secure to him an ample independence forever, free from the claims and demands of any creditor he may now or hereafter have, and without any right to intervene, or sequester of the revenues of the trust for the payment of their claims or demands. And in the events of the death or resignation of my said trustee, or that by any cause he be incapacitated or disqualified for the performance of the duties of the trust, I authorize my husband by writing under his seal and signature, and duly acknowledged as in release of deeds to name and appoint another trustee, who from the date of the filing of such instrument for record in the proper office in the said city of St. Louis, shall be subrogated in the lieu and stead of said Julius S. Walsh, the same as is herein originally named, and of course to be subjected to the same trust, limitations, conditions, restrictions and provisions here

contained. This power of appointment is a continuing one to be exercised as often as necessity require. *The provisions herein made for my husband are upon condition that within six months after the probate of my will, he by deed, duly executed and in the said city of St. Louis duly recorded, release any right, title or estate as tenant by the curtesy he may have.*

"And plaintiff further says that the defendant Chambers had an estate by the curtesy in the real estate of his deceased wife, from which, if he had retained it, he would have had an income of at least fifteen thousand dollars ($15,000) per annum, which said income would have been subject to seizure and sale upon execution by plaintiff, to satisfy its judgment hereinbefore set forth.

"Plaintiff further states that, for the purpose of hindering, delaying and defrauding plaintiff, and for the purpose of securing to his own use an estate which he said Chambers believed to be secure from attack and seizure by plaintiff herein, he did, heretofore, to-wit, on the thirtieth day of December, 1883, by deed, duly recorded in the office of the recorder of deeds of the city of St. Louis, state of Missouri, and in book number 714, page 525 thereof, convey his said estate by the curtesy, as required by the will of his wife, to the defendant Julius S. Walsh, in consideration of the provision in his favor in the said will of his wife. And plaintiff further says that the defendant Walsh has accepted the position of trustee for defendant Chambers, under the will of the latter's wife, and by reason of the conveyance of the estate by the curtesy to him by defendant Chambers, he said Walsh pays over to said Chambers, quarterly, as such trustee, the income of the trust estate, to the amount of five thousand dollars ($5,000) per quarter.

"And plaintiff further says that the deceased testatrix did not leave, and never had, any equitable separate estate; that she inherited the property she left from

her father; that there are no debts proved against her estate, though it has been in process of administration since December 23, 1883, and that there are no debts in existence to be proved. And plaintiff further says it is wholly without remedy as to the collection of its two judgments above set out, unless this court order and decree that the defendant Walsh pay quarterly to plaintiff what, under the terms of the will, and by reason of the conveyance of said estate by the curtesy, he would otherwise pay to defendant Chambers, until the plaintiff's said judgment shall be satisfied.

"Wherefore plaintiff prays that defendant Chambers be enjoined from receiving, and defendant Walsh be enjoined from paying him, any of the income provided for in the will of Mrs. Marie C. Chambers, until the plaintiff's judgments are satisfied; and that defendant Walsh be ordered to pay plaintiff, in part satisfaction of them, each quarter of a year, the income of the estate of which he is trustee for defendant Chambers, until they, said judgments, are fully satisfied; and that such further relief be granted plaintiff as to the court may seem proper."

A demurrer was successfully interposed on the grounds that the petition did not state facts sufficient to constitute a cause of action, and did not state facts sufficient to entitle plaintiff to equitable relief. The plaintiff declining to plead further, final judgment was entered dismissing his petition, hence this appeal.

I. The object of this proceeding, as is apparent from the petition, is to sequester the income of an estate held by Julius S. Walsh as trustee for the defendant Chambers, under and by virtue of a trust created in his favor by the will of his late wife, and to apply such income to the payment of two judgments, each for about five thousand dollars, recovered by plaintiff against the defendant Chambers and others.

II.   The validity of such trusts, speaking in a general way, has been recently affirmed in the case of *Lampert v. Haydel, ante,* p. 439.

III.   But there are some circumstances connected with this particular trust deserving of consideration, as to whether they do not take it out of the operation of the rule announced in the case just cited, that trusts may be created in favor of a person which will be inalienable by him, and out of the reach of his creditors, though there be no limitation over, or cesser, and no discretionary power of payment lodged in the trustees, if such trust be created by the gratuitous act of a third person, with a view to the support and maintenance of the beneficiary during life.   That decision and the class to which it belongs rest in a large part upon the distinct ground that a creditor is not defrauded, and therefore has no cause of complaint because the owner of property, in the free exercise of his will, so disposes of it that the object of his bounty, *who parts with nothing in return,* has a sufficient income provided for and applied to his life support.

In the case at bar the beneficiary did part with something in return.   But for his compliance with the express condition in the will, by the surrender of his curtesy in his wife's estate by deed, as the petition recites, duly recorded, the income provided for his use would never have become his.   This stands confessed by the demurrer.   He therefore occupies the attitude of *a purchaser of that income,* as much so as does a wife who receives a conveyance of land in consideration of the relinquishment of her dower in other property of her husband.   *Woodson v. Pool,* 19 Mo. 344 ; *Novelty Mfg. Co. v. Pratt,* 21 Mo. App. 171 ; Bispham's Prin. Eq. 157 ; 2 Perry on Trusts [3 Ed.] sec. 635 ; *Garbut v. Bowling,* 81 Mo. 214.   The two cases are absolutely parallel. Regarding, then, the defendant in the light of a purchaser of the income bestowed upon him by the will of

his wife, and not as the mere recipient of her bounty, it must be ruled that such income is subject to the claims of his creditors, and subject in this proceeding.

IV.   Something has been said about the plaintiff having a remedy at law by proceeding to sell the curtesy estate.   It is true he might have done this, taken a sheriff's deed, brought an action of ejectment, and on the trial have shown the fraud, and thus have succeeded, but in the end the deed made by defendant Chambers to defendant Walsh would still have remained a cloud upon the title, requiring a decree in equity to have it removed.   This would give equity jurisdiction in the first instance in order to avoid a multiplicity of suits, and afford full and complete relief in a single proceeding.   *Harrington v. Utterback*, 57 Mo. 519.

V.   Besides, the petition discloses a case of fraud and of trust, both of which are ancient grounds of equitable jurisdiction.   And when such jurisdiction is original and ancient, it is not ousted by the mere fact that a court of law can afford an apparently adequate relief.   *Pratt v. Clark*, 57 Mo. 189 ; *Stewart v. Caldwell*, 54 Mo. 536.

VI.   Moreover, plaintiff had a right to go into a court of equity to have it construe the clause and have it enforce the trust created by the will and the facts alleged in the petition, and the prayer for general relief authorized such action by the court.

VII.   Finally, the plaintiff had its election to resort either to the fund it did, in order to compel payment of its judgment, or it might have resorted to the property alleged to have been fraudulently exchanged for that fund.

Therefore, judgment reversed and cause remanded, with directions to enter a decree for plaintiff, should the facts turn out as admitted by the demurrer.   All concur ; RAY, J., absent.