CHARLES H. REQUA *et al.* Exrs.

*v.*

ALICE M. GRAHAM, Admx.

*Opinion filed October 19, 1900.*

CREDITORS' BILLS—*husband's annuity is subject to claims of his creditors.* An annuity given by will in trust by the wife for her husband in lieu of all his interest in the estate is a mere offer to purchase his interest, which he is at liberty to accept or reject, and hence if he accepts the trust he takes it as a purchaser, and the same is not within the exception stated in section 49 of the Chancery act, relating to creditors' bills, (Rev. Stat. 1874, p. 204,) but is subject to the claims of his creditors notwithstanding the will expressly provides that it shall not be. (*Steib v. Whitehead,* 111 Ill. 247, explained.)

*Requa v. Graham,* 86 Ill. App. 566, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is a creditor's bill filed by Alice M. Graham, administratrix of the estate of James E. Graham, deceased, against Charles H. ReQua and Newton A. Partridge, executors of the last will and testament of Annie Elizabeth Nichols, deceased, and John F. Nichols, to subject an annuity given to John F. Nichols by the will of his wife, Annie Elizabeth Nichols, to the payment of a judgment against John F. Nichols.

The will of Annie Elizabeth Nichols, among other devises and bequests, bequeaths to her husband, John F. Nichols, "the annual sum of $1800 during his natural life, to be paid quarterly, in equal installments of $450 each, and deposited to his credit in the Merchants' Loan and Trust Company, or some other Chicago bank, subject to his order, which annuity shall be in lieu of all other interest in my estate to which he would be entitled." By codicil attached to said will it was further provided: "I have already advanced to my husband and expended

for his use so large an amount, and the probably net income of my estate will be so small, that I do not deem it just to burden my daughters, Catharine Wheaton Haven Ainley and Alice Haven ReQua, with so large an annuity for his benefit as is provided by said will, and I direct that the yearly or annual sum of $1200 shall be paid to him in the same manner in said will provided for, which provision shall be in place and in lieu of all estate, claim, right and provision to which he is or may or would otherwise be entitled, either by virtue of the law or under the provisions for his benefit contained in my will." The will also makes a division of the real and personal property of the testatrix, and appoints Charles H. ReQua and Newton A. Partridge executors thereof. The estate consisted of real estate valued at $37,500 and personal property valued at $33,592.67.

It appears from the master's report that John F. Nichols is seventy years of age, is infirm in health, has no property or business and is physically incapable of following any occupation for a livelihood; that said annuity is the provision given by said testatrix out of her separate estate for the support and maintenance of said Nichols during his natural life, and that the whole of said annuity has been and is expended by him for his support and maintenance, and is only sufficient to support and maintain him in the manner of living to which he is and has been accustomed, and that said Nichols is lacking in business capacity, and said testatrix had taken her affairs out of his hands prior to her death.

The superior court decreed such annuity should be applied in payment of said judgment, which decree has been affirmed by the Appellate Court for the First District, and this appeal is prosecuted to reverse such judgment of affirmance.

PARTRIDGE & PARTRIDGE, (WALKER & PAYNE, of counsel,) for appellants.

B. W. ELLIS & SON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended by appellants that the provision made for John F. Nichols by the will of Mrs. Nichols is such that it is expressly excepted under the statute regarding creditors' bills, (Rev. Stat. chap. 22, sec. 49,) which provides, "except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself," and that appellee cannot reach the annuity in question by her bill.

In order to bring a case within the exception of the statute it is necessary that the trust fund proceed from some person other than the defendant himself. If the trust fund in this case proceeded from John F. Nichols himself it does not fall within the exception of the statute and is not protected. The annuity in question was a mere offer by Mrs. Nichols to her husband for the purchase of his interest in her estate. He was at liberty to accept or reject the same, and having accepted it, he took it as a purchaser and it is subject to the payment of his debts, the same as any other legacy. In the case of *Carper* v. *Crowl*, 149 Ill. 465, (on p. 479,) we say: "The provision made by the will was therefore in lieu of, and not in excess of, her rights in her husband's estate as widow, and she took the same, not as a beneficiary under the will, but as a purchaser." And in *Blatchford* v. *Newberry*, 99 Ill. 11, (on p. 62,) it is said: "A provision by will in lieu of dower is, in fact and in legal effect, a mere offer by the testator to purchase out the dower interest for the benefit of his estate." In *Isenhart* v. *Brown*, 1 Edw. Ch. 413, which is referred to and endorsed by the court in *Carper* v. *Crowl, supra*, the court, in speaking of a devise in lieu of dower, said: "It is the price put by the testator himself upon the right, and which she is at liberty to accept. Her relinquishment of dower forms a valuable consid-

eration for the testamentary gifts. In this point of view she becomes a purchaser of the property left to her by the will. So, on the other hand, the husband offers a price for his wife's legal right of dower, which he proposes to extinguish, and if she agrees to the terms she relinquishes it and is entitled to the price. It is therefore a matter of contract or convention between them, and what she thus becomes entitled to receive is not by way of bounty, like other general bequests, but as purchase money for what she relinquishes." In the case of *Bank of Commerce* v. *Chambers*, 96 Mo. 459, a husband who released his curtesy in his wife's estate, accepting in lieu thereof an income given him by her will, was regarded as a purchaser of such income and not a mere recipient of his wife's bounty, and the income was held subject to claims of his creditors, notwithstanding the provisions of the will exempting it from such claims. The court say: "He therefore occupies the attitude of a purchaser of that income, as much so as does a wife who receives a conveyance of land in consideration of her relinquishment of her dower in other property of her husband. * * * Regarding, then, the defendant in the light of a purchaser of the income bestowed upon him by the will of his wife, and not as a mere recipient of her bounty, it must be ruled that such income is subject to the claims of his creditors."

Under these authorities it is clear the annuity in question was purchased by John F. Nichols and did not proceed as a bounty from Mrs. Nichols, and that the same is not within either the letter or the spirit of the exception contained in section 49 of the statute, and is therefore subject to the claims of his creditors and can be reached by a creditor's bill.

The case of *Steib* v. *Whitehead*, 111 Ill. 247, is relied upon by appellants as supporting their position. That case and kindred cases, as said in *Bank of Commerce* v. *Chambers, supra,* "rest in a large part upon the distinct ground

that a creditor is not defrauded and therefore has no cause of complaint, because the owner of 'property, in the free ,exercise of his will, so disposes of it that the object of his bounty, who parts with nothing in return, has a sufficient income provided for and applied to his life support." In this case John F. Nichols did part with something in return for said annuity. As husband of Annie Elizabeth Nichols he had one year after the probate of her will in which to determine whether he would take by inheritance under the law or take under her will. By failing to decline to take under the will he relinquished his rights to his share of her estate given him by law, and with such interest purchased the annuity, and now holds the same by virtue of such purchase and not as an object of her bounty. *Blatchford* v. *Newberry, supra; Carper* v. *Crowl, supra; Isenhart* v. *Brown, supra.*

The provision of the statute above quoted and relied upon by appellants is taken from the New York statute (*Singer & Talcott Stone Co.* v. *Wheeler,* 6 Ill. App. 225; *Young* v. *Clapp,* 147 Ill. 176;) upon the same subject, which had before that time been construed by the New York courts. (*Clute* v. *Bool,* 9 Paige's Ch. 83; *DeGraw* v. *Clason,* 11 Paige, 136; *Hallett* v. *Thompson,* 5 Paige's Ch. 583.) Such being the case, the courts of this State will presumably be governed by such decisions. "In adopting the statute of another State, it is presumed the General Assembly intends that it shall receive the construction given it by the courts of the State from which it is adopted, unless such construction is inconsistent with the spirit and policy of our laws." (*Campbell* v. *Quinlin,* 3 Scam. 288; *Rigg* v. *Wilton,* 13 Ill. 15; *Streeter* v. *People,* 69 id. 595; *Gage* v. *Smith,* 79 id. 219.) And no such inconsistency being apparent in the present case, but the construction adopted by the New York courts being in harmony with the general current of authority and with that of our own court, so far as we have had occasion to pass upon the question, we are inclined to follow the decisions of that State.

In the case of *DeGraw* v. *Clason, supra,* the husband gave his wife, by will, an annuity for life or widowhood in lieu of dower. A creditor filed a bill to reach such annuity. The court sustained the bill, and the judge said: "I can see no ground whatever for considering this bequest as a trust, any more than in the case of an ordinary pecuniary legacy payable immediately, and charged upon the real estate as well as upon the personal estate of the testator generally." This case, in principle, is precisely like the case at bar and must control us in the decision thereof. The annuity in this case is to be deposited in the bank quarterly, to the credit of John F. Nichols, and is subject to his order. In the case of *Clute* v. *Bool, supra,* it is said, on page 86: "If the life interest of the defendant in the fund is of such a nature that he can sell and dispose of it or control it as he pleases, without restriction or limitation, then, according to the decision of this court in the case of *Hallett* v. *Thompson,* 5 Paige, 583, the whole annuity may be reached at once and applied to the payment of his debts, without reference to his present or future wants."

The annuity, as we have seen, was purchased and belongs to John F. Nichols, and under the authority of *Bank of Commerce* v. *Chambers, supra,* can be reached by his creditors, even though the will *expressly exempted it from their claims.*

From an examination of the abstract we agree with the court below that there was ample proof of the recovery and revival of the judgment which is the basis of this suit, and that it remains unpaid.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*