Shauck, J.
Mrs. Allen having failed in the -courts below to obtain such construction of the will of her late husband as she desired, and having prosecuted her petition in error here to obtain a reversal -of the judgment of the circuit court in that respect, it is now insisted by counsel for the defendants not only that the courts below correctly construed the will in the respect indicated, hut further that she is not now entitled to have it judicially construed. Her action is brought under favor of section 5963, Revised Statutes, whose pertinent - provisions are as follows: ....
*88 * * * “Such widow or widower may, at any time before the period of such election has expired, file her petition in the court of common pleas for the proper county, making all persons interested in said will defendants to such petition, asking a construction of the provisions of said will in her or his favor, and to have the advice of said court, or of the proper appellate court on appeal thereof. ” * * *
The conceded facts that she has been cited by the probate court to appear therein and elect whether she would take under the provisions of said will or be endowed of the lands of her deceased husband, and that the time for making said election had not expired, seem to bring her action within the express terms of the section., Nor do we think it should be said that no substantial question is involved in the inquiry which she propounds, viz.:
Whether, if she elects to take under the will, she will be required to contribute to another devisee from whom lands devised may be taken for the payment of the debts of the testator. It is entirely clear that the testator might, by the terms of the devise to her, charge her with, or exempt her from, the obligation to contribute in such case. This would result from the general rule that the intention of the testator must control. It is also made clear by the provisions of section 5974, Revised Statutes, that the question with respect to which she especially desired the opinion of the court must be determined from a consideration of the provisions of the will in connection .with those of the statute.
Did the circuit court err in the conclusion that her election to take under the provisions of the will obliges her to contribute on account of the taking of *89 other specifically devised lands for the payment of the debts of the testator? In that inquiry two sections of the statute are.material:
‘ ‘ Section 5973. When any estate, real or personal, that is devised shall be taken from the devisee for the payment of the debts of the testator, all the other devisees and legatees shall contribute their respective proportions of the loss to the person from whom the estate is taken, so as to make the loss fall equally on all the devisees and legatees, according to the value of the property received by each of them, excepting as provided in the following section.”
‘ ‘ Section 5974. If, in such case, the testator shall, by making a specific devise or bequest, have virtually exempted any devisee or legatee from his liability to contribute, with the others, for the payment of the debts, or if he shall, by any other provision in the will, have prescribed any appropriation of his estate, for the payment of his debts, different from that prescribed in the preceding section, the estate shall be appropriated and applied in conformity with the provisions of the will.”
Since not only the lands devised to Mrs. Allen, but also those which must be taken for the payment of the debts of the testator are the subjects of specific devises, the first clause of the latter section affords no aid in the inquiry presented. Nor do we find that the testator has, by any other provision of his will, prescribed such appropriation of his estate for the payment of his debts as would relieve the devise to Mrs. Allen from the obligation imposed by section 5973, if it is within the terms of that section. The section comprehensively imposes the duty to contribute upon “all the other devisees and lega *90 tees.” The insistence of the plaintiff’s counsel is that we should regard the section as containing an unexpressed exception in favor of the widow of the testator; and that would be, not to interpret the statute, but to amend it. The proposition urged in support of the view of plaintiff’s counsel is that a widow entitled to dower, when taking a devise in lieu of dower, takes, not as a devisee, but as a purchaser. We are not now concerned with the views taken of the subject by courts 'when applying the equitable doctrines respecting contribution to cases which were not affected by any statutory provision. We shall not go astray if we ascertain and follow the intention of the testator in making this will and of the general assembly in enacting this section of the statute. Is it supposable that the testator, when conferring upon the plaintiff the right to accept this devise in lieu of dower, intended to afford her an opportunity to purchase the lands which were the subject of the devise; or that the general assembly regarded the relation of widow as incompatible with that of devisee? It is said that this section of the statute is in derogation of the common law. If the proposition is granted, nothing follows except that the statute must not, by construction, be given any effect which its terms do not justify. The function of legislation to change the rules of the law remains. An unambiguous statute is to be applied, not interpreted. Extensive amplification of that observation would be easy and unprofitable. The dictionaries justify the conclusion that one who takes by devise is a devisee.
Concerning the numerous cases cited by counsel for the plaintiff in error, it is sufficient to say that in *91 general they deal with the doctrine of contribution as applied to cases of the abatement of legacies because of a deficiency of assets, as that doctrine was applied to such cases in the absence of statutory provisions affecting the subject. It may be assumed that they establish the doctrine contended for and justify a discrimination among devisees if no statute subjects all devisees to the same- rule. But from this general statement Lord et al. v. Lord et al., 23 Conn., 327, should be regarded as a notable exception. Section 45, title Estates, of the statutes of Connecticut, does not seem to differ in any substantial respect from section 5973, Revised Statutes of this state. In' the opinion of the majority of the court in the ease cited no attention whatever is paid to the statute, but proceeding upon the general principles stated in other cases the conclusion is reached that the testamentary provision in favor of the wife was not subject to abatement for the payment of debts. The only consideration given to the statute is in the dissenting opinion where it is interpreted in accordance with the views herein expressed.

Judgment affirmed.

Crew, Summers and Spear, JJ., concur. ,