Eva Follett Warner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 52147. Promulgated August 18, 1932.

*Harold Allen, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies in the petitioner's income-tax liability as follows: 1927, $4,740.69; and 1928, $4,339.53.

The error assigned is that for each year the Commissioner included $50,000 in the petitioner's taxable income, being the amount of an annuity payment made to her in each year under the will of her deceased husband.

The following facts were either stipulated or admitted:

The petitioner is an individual residing at Fairfield, Connecticut and the widow of I. DeVer Warner, who died a resident of Bridgeport, Connecticut on January 11, 1913.

The latter, by his will and codicils thereto, placed certain property in trust and provided that from the income or, if necessary, from the principal of the trust, $50,000 should be paid annually to his wife, the petitioner, during the term of her natural life. This provision was referred to elsewhere in the will and codicils as an "annuity". The will and codicils also provided that the provisions therein for the petitioner were in lieu of her share in his estate both as his wife and by virtue of any statute.

Other property was devised and bequeathed to the petitioner by her husband.

The petitioner elected to take and took under the will and codicils in lieu of her statutory share in the estate. She was born on September 4, 1871.

The trustee paid the petitioner $37,000 for the year 1913 and $50,000 for each of the years 1914 to 1928, inclusive, in accordance with the provision first referred to above.

The petitioner did not report any part of the above payments in her income tax returns for 1927 or 1925. The Commissioner increased her income for each year by $50,000, properly divided between dividends and other income. He explained that he had computed the value of her dower right under the laws of Connecticut, found that prior to the years 1927 and 1928 she had received payments from the trustees in excess of that value, and therefore held that the payments received in these years were taxable income. He set forth his computation in detail.

Some reference is made in the petition to the year 1926, but we have no jurisdiction as to that year.

The petitioner attacks neither the Commissioner's method of valuing her dower, nor the amount he has determined that she received prior to the years in question. She has not proven any error in the figures used. Thus, the only question for our decision is whether or not a widow, who under the laws of the State of Connecticut, elected to take under the will of her husband in lieu of her dower, is taxable on annuity payments received under the will when those payments in the aggregate exceed the value of her dower interest at the date of her husband's death.

The courts and this Board have held that the payments are not income to the widow so long as they do not exceed the value mentioned. *Warner* v. *Walsh*, 15 Fed. (2d) 367; *United States* v. *Bol-*

*ster*, 26 Fed. (2d) 760; *Warner* v. *Walsh*, 27 Fed. (2d.) 952; *Allen* v. *Brandeis*, 29 Fed. (2d) 363; *Butterworth et al., Trustees*, 23 B. T. A. 838. But in these cases the courts were not required to decide the question before us. The petitioner relies upon two cases which held that annuities are charges upon the corpus of an estate and are therefore exempt from tax as bequests. *Burnet* v. *Whitehouse*, 283 U. S. 148 (affirming *DeReuter et al.*, 7 B. T. A. 600); *James McDonald*, 6 B. T. A. 163. There is, however, an important distinction between those cases and the present case in that in those cases the annuitants relinquished nothing in order to receive, while here the petitioner relinquished her valuable dower rights. In those cases there were clearly bequests, the annuitants were the objects of the testators' bounty, while the Circuit Court has said that in this case there was " in fact and legal effect, the purchase of an annuity, in no way differing from an annuity purchasable by the widow from an insurance company." *Warner* v. *Walsh, supra*. The following is from the same opinion:

That such a relinquishment of dower rights is a purchase of the will provision is well and long established. *Burridge* v. *Beabyl*, 1 Pere Wms. 127 (1710); *Isenhart* v. *Brown*, 1 Edw. Ch. (N. Y.) 413 (1832); *ReQua* v. *Graham*, 187 Ill. 67 * * * (1900). That a purchased annuity, even if income, is exempt as and to the extent that it is a return of premiums paid therefor; that is, until the purchase price shall have been returned, is determined by the express provisions of the acts above cited, as construed by the Bureau of Internal and acquires the legal status of " a purchaser for a valuable consideration ".

In the *Bolster* case the court said:

When the surviving husband or wife accepts the provisions of the will * * * the survivor is in the position of one who sells property to the estate, and acquires the legal status of ' a purchaser for a valuable consideration '.

The court then quoted a Massachusetts case to the effect that a widow is a purchaser for value and may take her share in full in preference to other legatees who have no legal claim on the estate.

*Allen* v. *Brandeis, supra*, is to the same effect. The court said that the widow was entitled to a certain sum out of the husband's estate; he proposed to her by the will the annuity which she could accept or reject; but, accepting, she became a purchaser for value. (*Lord* v. *Lord*, 23 Conn. 327, and *Security Co.* v. *Bryant*, 52 Conn. 311.) The opinion continues as follows:

That is to say, her invested capital was the value of her interest in her husband's estate * * *. By the expenditure of this sum, the same being her own money, she purchased an annuity of fifty thousand dollars per annum from those representing her husband's estate to be paid out of that estate. Clearly, in such case, under the law, she would not be required to pay income tax on the annual payments received until her capital invested in the annuities shall have been returned to her. After that time, it is conceded she should pay tax.

See *Butterworth et al., Trustees, supra,* where this subject is discussed, and additional cases cited to show that a widow is not a beneficiary but a purchaser for value. The Connecticut cases are in accord. *Lord* v. *Lord,* 23 Conn. 327; *Security Co.* v. *Bryant, supra; Leake* v. *Watson,* 60 Conn. 498.

Since the widow is not a beneficiary, but a purchaser for value, then like any other purchaser for value she is taxable with her profit. The payments in question, whether made from income or corpus, represent profit, being in excess of the purchase price. This conclusion follows inevitably from the principles adhered to in the cases quoted above. The payments, therefore, do not represent the value of property acquired by bequest within the meaning of section 213 (b) (3) of the Revenue Act of 1926 or section 22 (b) (3) of the Revenue Act of 1928. Compare sections 213 (b) (2) and 22 (b) (2) of these acts.

*Judgment will be entered for the respondent.*