# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## CENTRAL GRAND DIVISION.

### JANUARY TERM, 1879.

JOHN McCORD, Admr.

*v.*

JOHN N. McKINLEY.

1. ADMINISTRATION—*widow's award—passes title to her.* Where a widow's award exceeds the appraised value of the personal property, and she elects in writing to take the personal property at its appraised value in lieu of the specific articles, and the balance in money, and files her receipt therefor as administratrix, which is approved by the county court, the title to the personal estate will be vested in her as her sole and separate property forever, except that it may in a certain event be charged with the payment of the funeral expenses, and upon her death it will pass to her administrator.

2. If the estate is insolvent, the widow's allowance will be encumbered with the payment of the funeral expenses, and if the estate consists of personal property only, and it is barely sufficient, when taken at its appraised value, to meet her award, she will be required to pay the funeral expenses before she is entitled to receive the property, but it is otherwise if the intestate leaves real estate sufficient to pay all his debts.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. E. H. Palmer, for the appellant.

Messrs. Fuller & Graham, for the appellee.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action of replevin, brought by John McCord, administrator *de bonis non* of the estate of Frank Huffman, deceased, to recover the possession of certain property which the plaintiff claimed belonged to the estate. The defendant, who was administrator of the estate of Mary E. Huffman, claimed the property as assets of her estate, and the court, before whom the cause was tried without a jury, so found.

The facts are, that Frank P. Huffman died intestate April 23, 1876, leaving him surviving Mary E. Huffman, his widow, but no children; that the widow took out letters of administration on the estate August 5, 1876, and filed bond, which was approved. Appraisers were appointed by the county court, who appraised the personal property of the estate and estimated the value of property allowed to the widow as her award. The appraisement bill and estimate were filed and approved August 22, 1876. The appraisement bill amounted to $681.65, and the widow's award amounted to the sum of $843. The administratrix filed an inventory of the real and personal property of the deceased, which was approved. On the 21st day of August, 1876, the widow filed a paper known as the "Widow's relinquishment," and selected all the personal property of her deceased husband as her special set-off and receipted for the same, which was approved by the county court. The administratrix published a notice to adjust claims, but, before the day named, and on September 23, 1876, she died intestate, leaving no issue. It also appears that the estate of Frank Huffman was indebted in about the sum of $300, besides funeral expenses unpaid amounting to $30.

After the death of Mary E. Huffman the defendant was appointed administrator of her estate, and took possession of the property in question as assets of the estate.

Under the facts, which are not controverted, it is contended, first, that Mary E. Huffman obtained no title to the property for the reason that the appraisement is void, and this is predicated upon the alleged ground that one of the appraisers was surety on the bond of the administratrix. This question does not seem to have been raised or considered in the circuit court, and it does not arise here, for the reason the record does not show who was surety upon the bond of the administratrix. The question will not, therefore, be considered, as it is not presented by this record.

We now come to the real question in the case, and that is whether the widow, Mary E. Huffman, acquired title to the property under sec. 74, chap. 3, Rev. Stat. 1874, p. 117, which provides, that " the widow, residing in this State, of a deceased husband whose estate is administered in this State, whether her husband died testate or intestate, shall, in all cases, in exclusion of debts, claims, charges, legacies and bequests, except funeral expenses, be allowed as her sole and exclusive property forever," (then follows a list of articles,) " which shall be known as the widow's award; or the widow may, if she elect, take and receive, in lieu of the foregoing, the same personal property, or money in place thereof, as is or may be exempt from execution or attachment against the head of a family residing with the same."

Section 75 of the same statute provides, that it shall be lawful for the widow to elect whether she will take the specific articles set apart to her, or take the amount thereof out of other personal property at the appraised value, or whether she will take the amount in money, or she may take a part in money and the balance in property.

Under this section the widow elected to take the personal property named in the appraisement bill at the appraised value, and the balance of her award in money. She receipted for the personal property, and her action was ratified and approved by the court. Now, unless the statute is to be disregarded, the title to the property vested in the widow as her sole and separate

property forever, except it might in a certain contingency be charged with the payment of the funeral expenses, as the language of the statute is susceptible of no other or different construction. She did all the law required to vest the title of the property in her. She elected to take it at its appraised value; she receipted for the same, and the county court approved her action. We know of nothing more the widow could do to claim the benefit of the statute which gives her the right to the property, than was done by her in this case.

A statute providing for an allowance to a widow, similar to our present statute, has been in force in this State for many years. In *York* v. *York*, 38 Ill. 522, the statute came before the court for construction, and it was there held that the legal title to the specific articles allowed to the widow upon the death of her husband vests in her, and not in the personal representatives of the husband. It is there said: "The language of the act is emphatic, and declares, in the most express terms, that the specific articles in exclusion of creditors shall be the sole and exclusive property of the widow forever." What was said in the case cited has reference, it is true, to the specific articles named in the statute, but it is likewise applicable to a case where the widow has elected to take personal property at the appraised value in lieu of such articles, and the personal property, when taken, receipted for and received by the widow, stands on the same footing as the specific articles.

The allowance to the widow, under the old statute, was made in all cases in exclusion of all creditors, while under our present statute funeral expenses seem to be excepted, and the question arises, whether the fact that a portion of the funeral expenses had not been paid gave the administrator *de bonis non* the right to recover the possession of this property. If an estate was insolvent there does not seem to be any doubt but the widow's allowance would be encumbered with the payment of the funeral expenses; and if the estate consisted of personal property barely sufficient, when taken at the appraised

value, to pay her award, before she would be entitled to receive the property she would be required to pay the funeral expenses.   She would have the right to the property to the exclusion of all creditors except those who had claims for funeral expenses.   But where an estate is entirely solvent, there being property sufficient to pay the widow's award and all the creditors, we do not understand that the widow could be required to pay the funeral expenses before receiving her award in property of the estate at the appraised value.   In such case she would be entitled to her whole allowance or award in money, or property at the appraised value, as she might elect.

It appears that the widow, while acting as administratrix, filed an inventory, which shows 110 acres of land in DeWitt county belonging to the estate, which is doubtless ample to satisfy all claims of every description existing against the estate, and leave a large balance in the hands of the administrator. At all events, so long as it appears there is other property belonging to the estate which may be and doubtless is ample to liquidate the funeral expenses, no reason exists for pursuing the property which was taken by the widow as her award. Suppose this property was taken from the widow's estate and applied by the administrator *de bonis non* in payment of funeral expenses, and other claims against the estate which he represents,—the defendant, who represents the estate of the widow, would be entitled to recover from the estate of Frank Huffman the amount of the widow's award; so that, in the end, nothing would be gained by the plaintiff.   But we do not think, under the facts appearing in this record, the plaintiff was entitled to the possession of the property.   The title had passed to the widow of Frank Huffman, deceased, and her administrator was lawfully in the possession and control of the property.

The judgment will be affirmed.

*Judgment affirmed.*