## Narcisse Francois Honore Denis's Estate. Fidelity Insurance, Trust & Safe Deposit Company's Appeal.

[Marked to be reported.]

*Will—Decedents' estates—Annuity—Deficiency of income.*

Testator gave an annuity to his wife, and directed that the taxes and repairs on certain real estate specifically devised to her should be paid out of his estate. At the first adjudication a sum was set apart, the income of which was to be used in paying the annuity and the charges on the widow's land. The rest of the personalty was distributed to the residuary legatees who were also the residuary devisees. The widow made no agreement not to look to the residuary real estate in case of a deficiency in her income. In course of time the fund set aside proved inadequate to provide an income sufficient to pay the annuity and the charges on the widow's land. *Held*, that the widow was entitled to have the deficiency made up out of the rents of the residuary real estate.

Argued April 5, 1895.    Appeal, No. 225, Jan. T., 1895, by the Fidelity Insurance, Trust & Safe Deposit Company, from decree of O. C. Phila. Co., Jan. T., 1881, No. 337, dismissing exceptions to adjudication.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.


Exceptions to adjudication.

From the testimony taken before the auditing judge, and from the record, it appeared that Narcisse Francois Honore Denis, the testator, died on January 7, 1867, leaving a widow and children.    By his will he bequeathed to his wife an annuity of five thousand dollars per year, and also gave her the right to use for life his town and country residences, and provided that the same be kept in repair, and the taxes on the same paid out of his estate.    He devised and bequeathed the remainder of his estate to his five children.    At the adjudication of the first executors' account in 1874, the auditor set aside the sum of $105,865, the income of which was to pay the annuity and the charges on the widow's land.    The rest of the personalty was distributed to the children.    There was no agreement upon the part of the widow not to look to the residuary real estate in case of a deficiency in her income.    In 1881, the executors upon their own application were discharged and the Philadel-

phia Trust, Safe Deposit & Insurance Company was appointed by a decree of the orphans' court "administrators cum testamento annexo of the estate of N. F. H. Denis, deceased, and trustee of the trusts in said will declared." The children of testator subsequently appointed the Philadelphia Trust, Safe Deposit & Insurance Company their agent to manage the real estate which they received from their father's estate. In course of time the income from the personalty set aside for the uses of the widow became insufficient, owing to the general decrease in the rate of interest. The Philadelphia Trust, Safe Deposit & Insurance Company then claimed that it had the right to retain the rents of the real estate belonging to the children to make up the deficiency in the widow's income. In 1894, the Fidelity Insurance, Trust & Safe Deposit Company was substituted as trustee for one of the children, Marie Denis Mercur. The auditing judge, FERGUSON, J., held that the deficiency in the widow's income should be made up from the rents accruing from the residuary real estate.

Exceptions to the adjudication were overruled by the court, PENROSE, J., filing the following opinion :

"It is undoubtedly true that a legacy—even when charged upon the entire estate of the testator—is payable, primarily, out of the personalty ; and the legatee by permitting an application of the primary fund to some other purpose may thus lose his right to resort to the real estate. But this, of course, could never be where the owners of the lands are themselves the persons receiving the real estate which would otherwise have gone to the legatee ; since instead of being prejudiced by his assent to the diversion of the fund they have been the parties benefited, and grounds of estoppel are, therefore, entirely wanting. Whether an annuity for life, charged upon real and personal estate, is also payable in the first instance from the latter, is not so clear—especially if the real estate is residuary and yields an income sufficient for payment. The law does not favor the indefinite or prolonged continuance of administration (Quain's Appeal, 10 Harris, 512, 513), and a presumption in favor of a different rule in such case may, therefore, arise. It is at least a question of intention. In the present case, it is clear, the testator intended his real estate to be held during the life of his wife, to whom he gave an annuity of $5,000 per annum,

with further provisions in her favor which could not otherwise be carried out. He has, in express terms, directed that while she lives the taxes and costs of keeping in repair certain real estate specifically devised to her for life shall be paid 'out of' his estate; and this could not be done unless the estate is permitted to remain in the possession or control of a fiduciary, charged with the obligation of seeing to the payments so directed and having the right to receive and apply the moneys necessary for the purpose. That at one time, after the testator's death, a fund was set apart which the parties in interest and the auditor of the executors' account erroneously supposed would yield enough income for the payment of the annuity and the additional annual charges, is of no importance. There was no agreement on the part of the widow that she would not look to the other undistributed estate in case of its inadequacy; if there had been, there was no consideration to support it. The residuary legatees—the children of the testator—were also the residuary devisees, and the setting apart of the fund for the annuity was for the purpose of permitting them to receive a present distribution of the entire surplus of the personal estate. This left only the realty; and it would be manifestly improper to sell it or to apply principal to make up deficiencies in the income of the fund thus set apart, so long as the rents of the real estate supplied what was wanting. Every intendment is to be made in favor of the annuitant. She was a purchaser for value—the provisions for her being in lieu of her rights in her husband's estate under the intestate laws. Had she taken against the will she would have received, absolutely, one third of the personal estate, which would have considerably exceeded the sum so set apart for her for life merely, and in addition, one third of the real estate for life. Of course if under the act of 1853 there had been a proceeding to exonerate the real estate from the charges imposed in her favor, she would have to suffer the loss if a fund set apart in pursuance of that act had proved insufficient. But there was no such proceeding; and the functions of the auditor to whom was referred the account of the executors were restricted to the adjustment of that account and the distribution of the balance then in the hands of the accountants.

"Upon the discharge of the executors, the present account-

ant was, upon the petition of all parties in interest, appointed trustee 'of the trusts in said will declared.' One of these was the office of seeing that necessary repairs and taxes upon the property specifically devised to the widow for life were paid 'out of the estate' of the testator. It is true the will in providing for this did not use the word 'trust' or 'trustees;' but this does not change the result: Parker's Appeal, 11 Smith, 478; Perry on Trusts, sec. 121. It is true also that the decree submitted to the court by counsel and inadvertently entered provided for the appointment of administrator with the will annexed—which could only be made by the register of wills—as well as for the appointment of trustees. But testamentary trusts annexed to the office of executor may be renounced by the executor and thus separated (act of April 13, 1859, sec. 1, Purd. 2034, pl. 55), and in such case the court is authorized to supply the vacancy by the appointment of one or more trustees.

"The accountant having been so appointed, and being in possession of the real estate, its duty to apply the rents in the first place to the requirements of the trust was paramount to any duty devolving upon it under powers of attorney given to it by the various residuary devisees, whose rights could not begin until such requirements had been fully accomplished; and it was entirely proper to retain the rents collected, debit them in the account, and thus show the disposition which had been made of them.

"Nor is it material that the accountant in dealing with the property styled itself administrator with the will annexed, which it was not, instead of trustee, which it was. The law regards substance, not form; and mistakes in the title of a fiduciary cannot prejudice the rights of the cestui que trust (Luken's App., 11 Wright, 358; Vanartsdalen v. Vanartsdalen, 2 Harris, 384).

"What would have been the rights of the parties, respectively, if the accountant had been regularly appointed administrator with the will annexed, but with no authority to collect rents, except such as resulted from the power of sale given by the will is a question which does not arise and is, therefore, not considered.

"The exceptions are dismissed and the adjudication confirmed absolutely."

*Errors assigned* were overruling exceptions to adjudication.

*James Watts Mercur* and *E. Hunn Hanson*, for appellants.—
The personal estate is the primary fund for the payment of
debts and annuities : Duvall's Est., 146 Pa. 176 ; Bennett's
Est., 148 Pa. 139 ; Markley's Est., 148 Pa. 538.

Mrs. Denis, the executrix and annuitant, having accepted
service of notice of filing of the auditor's report, setting aside
a certain sum for her benefit, and making distribution of the
balance, became a party to the distribution and is therefore
estopped from claiming against any other fund or estate than
that specially set aside for her benefit : Follmer's App., 37 Pa.
121 ; Young v. Babilon, 91 Pa. 280 ; Patterson v. Dushane,
27 W. N. C. 41.

Where real estate is devised as in the present, with power
of sale in the executors, the legal title in such cases rests in
the executors, but only for the purposes mentioned in the
statutes, viz : for all purposes of sale and conveyance, and,
also, of remedy by entry, action, or otherwise : Chew v. Nick-
lin, 45 Pa. 84 ; Landis v. Scott, 32 Pa. 495 ; Haslage v. Krugh,
25 Pa. 97.

Real estate will not be charged with the payment of debts,
etc., where the personal estate is more than sufficient to pay
the same, unless the same intention to charge the real estate
and exonerate the personal estate is clearly manifest : Eaven-
son's App., 84 Pa. 172 ; Reighard's App., 125 Pa. 628.

*R. L. Ashurst*, for appellees.—An implied trust in the whole
estate for the payment of the annuity and the other provisions
for the widow, and for the management of the estate during
her life, and the division of it after her death, is shown by the
will taken and construed as a whole.

If it were the law, as contended by the appellants, that from
the mere fact that the personal estate left by the decedent was
greatly in excess of that required for the payment of the lega-
cies and annuities, the real estate, ipso facto, would become
freed from the charge of them, the act of Feb. 23, 1853, would
have been absolutely unnecessary.

The express object of that act was to free from the lien of
annuities and legacies lands either expressly charged there-

with, or which by the rules of law in the construction of wills had become such a charge, and careful and elaborate machinery was provided by this act for the discharge of such real estate in a manner and under conditions therein laid down.

The decree entered March 12, 1881, however, if void, as contended by the appellants, with regard to the appointment of administrators c. t. a., stands as an appointment of trustees of the trusts in the will declared, and the trusts in the will declared include the trust for the payment of the annuity and the other provisions to the widow, and for the estate as a whole.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

We agree entirely with the learned court below in their disposition of this case and can scarcely add anything to what has been so well said in the clear and convincing opinion filed. It is perfectly manifest that the widow was the first and principal object of the testator's bounty and that he fully intended that she should, at all times and in all circumstances, have the full amount given to her by the will. The entire estate, real as well as personal, was subject to the charge in her favor, no restraint being placed upon the executors as to the source from which the widow's annuity should be derived. A sum was reserved by the auditor upon the executor's account which was supposed to be, and in fact was, sufficient, at that time, to produce the necessary income to enable the executors to carry out the testator's directions in favor of the widow. In the fixing of that principal sum she had no part and was not bound by it in any way. She was never called upon to agree, and never did agree, to that sum as an amount to which she should be limited as the source from which her income and other provisions should be derived. It happened that owing to a state of business affairs which could not be foreseen, and for which no one was to blame, the amount of the principal sum reserved came to be insufficient for its purpose. But the widow could not therefore be deprived of her provisions under the will. She had surrendered her rights under the intestate law in accepting these provisions, and was therefore a purchaser for value of the testamentary provisions in her favor. There was no proceeding under the act of 1853 to discharge the real estate from the

charges in her favor, and the real estate was accessible under the will to supply the deficiency resulting from the inadequacy of the sum set apart by the auditor. Nor can we at all agree to the suggestion that the corpus of the fund shall be used to pay the annuity and other charges due the widow. That would not be in conformity with the will and would rapidly deplete the principal of the fund. Without expanding upon the reasoning of the learned court below we think it sufficient to say that it is entirely satisfactory to us, and upon the considerations there expressed, and the views above indicated, we affirm the decree.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellants.