## Enoch Taylor's Estate.   Mary T. Walker's Appeal.

*Decedent's estates—Sale of real estate—Widow.*

A house occupied by the widow of a decedent may be termed the mansion house, and as such cannot be sold for the payment of the decedent's debts until the other real estate shall have been converted by the executors, either by mortgage or sale.

*Will—Widow's election—Life estate—Dower.*

A widow, by accepting the provisions of her husband's will in lieu of dower, becomes a purchaser for value, and as such is entitled to a life estate given her by the will in preference to other devisees.

Argued March 30, 1896.   Appeal, No. 230, July T., 1895, by Mary T. Walker, from decree of O. C. Phila. Co., directing sale of real estate.   Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Petition for the sale of real estate.

The petition averred that the personal property of the decedent was not sufficient to pay his debts.

The petition continued as follows:

The real estate remaining unsold consists of the following properties:

(1) No. 16 West Walnut Lane, which is assessed at $4,700, and estimated to be worth $5,000, which is subject to a mortgage of $5,000, made by J. R. Slayman to Enoch Taylor, and by him assigned to Thomas Convery, and now held by the Mutual Fire Insurance Company of Germantown.

(2) No. 18 West Walnut Lane, adjoining the above-mentioned, which is likewise assessed at $4,700, and estimated to be worth $5,000, and which is likewise subject to a mortgage of $5,000, made by J. R. Slayman, and now held by the Mutual Fire Insurance Company of Germantown.

These properties are rented, and from the rents thereof your petitioners are able to pay the taxes and other expenses, and realize some small surplus, but there is no value or availability therein for the payment of the debts of the said decedent, and your petitioners have in vain endeavored to sell the same for any price beyond the incumbrances.   These premises must,

therefore, be disregarded in the endeavor to find a fund for the payment of the debts.

The remaining property of the deceased consists of the following real estate:

(3) Property No. 5138 Germantown avenue, devised by the testator to your petitioners in trust for his widow; this property is free from incumbrances and of considerable value; it is assessed at $24,000, and is estimated to be worth at least $20,000. In it is contained the household furniture by the decedent also devised to his widow, Emily A. Taylor, and which is valued at $1,500, and remains undisposed of.

(4) The other remaining property of the decedent is No. 12 and 14 West Walnut Lane, which is assessed at $6,700, and estimated to be worth $8,000, and which is now subject only to a balance of a mortgage due Samuel G. King of $1,827.

The provisions of the testator with regard to these properties were as follows: He devised by his will the property No. 5138 Germantown avenue to your petitioners in trust, to lease the same and collect the rents, issues and income thereof, and to pay the same to the testator's wife, Emily A. Taylor, for and during the term of her natural life, or to allow her to occupy the same as a home, with power to your petitioners to sell the same, the proceeds of such sale, however, to be held upon the same trusts; in addition to this devise, the decedent bequeathed to your petitioners the sum of $10,000 in trust, to invest the same for the benefit of his widow, and to pay the income of the same to her during her life. This gift of $10,000 and that of the house were expressed by the said testator to be in lieu of his widow's dower in his estate. After the death of his wife the testator made sundry gifts to charity, and the balance or remaining part of his trust estate he divided into five parts, one of which he gave to the children of his adopted daughter, Mary T. Walker, and the other four fifths he directed to fall back into the residue of his estate, the residue of which estate he divided into four equal parts, one of which he gave to his nephew, John T. Roberts, another to his nephew, Enoch T. Roberts, another to his niece, Annie T. Hoyt, and the remaining part to his niece, Lizzie Wriggins. The whole of the testator's general estate having been absorbed by debts, there is no general residue, and the only residue

there will be for division will be such portion, if any, of the trust estate as remains after the death of the widow, Mrs. Emily A. Taylor.  There was no fund for the same reason to constitute the $10,000 given to your petitioners in trust for the widow, Mrs. Emily A. Taylor, and the whole estate, therefore, held in trust for her benefit consists only of the said property, No. 5138 Germantown avenue.

The other property remaining unsold as aforesaid, namely, the said premises 12 and 14 West Walnut Lane, the testator gave and devised to your petitioners in trust to let and demise the same and collect and receive the rents and issues thereof and to pay the same over from time to time to the testator's adopted daughter, Mary T. Walker, for her sole and separate use, or to permit her to use and occupy the same as a home for and during the term of her natural life, and at her death to pass to the children of the said Mary T. Walker or the issue of deceased children.   The testator further provided that his executors should pay off and have satisfied of record out of his estate the mortgage given by him to Samuel G. King for $7,000 secured upon said premises, so that the premises shall be held by the trust as free and clear of all incumbrances.

The whole estate, except as above mentioned, having, however, been absorbed in the payment of the testator's debts, there has only been paid upon the mortgage the sum of $5,173, leaving a balance still due upon said mortgage of $1,827.

In conclusion, however, the testator further provided: "Should my estate not be sufficient through the decline in value of the real estate or otherwise, it is my desire and I hereby authorize and direct my executors hereinafter mentioned to carry fully into effect the devises made for the benefit of my said dear wife in strict accordance with this my last will, and then if there should not be a sum sufficient to pay all the other legatees in full, then in that event my said executors shall abate and pay the balance of said legacies pro rata."

As will appear from the facts set forth, the deficiency has turned out far greater than anticipated by the testator.  Not only have there been no funds from which the legacies could be paid, but after the exhaustion of all the personalty and a large portion of the real estate, a balance of over $6,000 of debts still remains.  The gift of $10,000 for the benefit of the

widow has not been paid and there is no fund available for its payment. The only property remaining in the estate is the said messuage, No. 5138 Germantown avenue, devised for the benefit of the widow, and the said premises, 12 and 14 West Walnut Lane, devised for the benefit of the adopted daughter, Mary T. Walker, and the latter subject to a balance of the said mortgage, amounting as aforesaid to $1,827.

After applying the fund now in hand to the payment of debts, there will still be a deficiency of nearly $6,000 for the purpose, and there is no source from which the same can be realized, except from the sale of one or the other of the said premises, either No. 5138 Germantown avenue, devised to your petitioners as aforesaid in trust for the widow, or the premises 12 and 14 West Walnut Lane, devised to your petitioners in trust for the adopted daughter, Mary T. Walker.

Your petitioners are trustees of both these beneficiaries, one or both of whom must suffer from the deficiency of the assets of the estate to pay the debts of the testator.

Your petitioners have a power of sale of the premises No. 5138 Germantown avenue given to them in the said will, but only for the purpose of reinvesting the proceeds for the benefit of the widow; they have no power of sale over the premises 12 and 14 West Walnut Lane, above referred to. Your petitioners therefore invoke the guidance and direction of the court as to the steps to be taken by them in the matter to realize a fund for the payment of the balance of the debts of the said Enoch Taylor.

Mary T. Walker demurred to the petition.


HANNA, P. J., filed the following opinion :

After a careful consideration of the matter, as now presented, it seems that the real estate No. 16 and No. 18, West Walnut Lane, should be sold at public sale. What is to be gained by retaining them, when the creditors are entitled to whatever they may realize ? The act of assembly directs explicitly that the mansion house, or the most profitable part of the estate, shall be reserved to the last. The house occupied by the widow may be termed and considered the mansion house. Following the act of assembly, therefore, this cannot be sold until the other real estate be converted by the executors, and the consequence is

that the remaining real estate must be sold or mortgaged. And, as the premises first mentioned are now incumbered, no more can reasonably be expected to be attained by a further loan or mortgage. It still remains, however, that the mansion house cannot be disposed of until the last. The inevitable result, therefore, seems to be that the real estate No. 16 and No. 18 West Walnut Lane must be sold, and the remaining property No. 12 and No. 14 West Walnut Lane mortgaged, if this is possible, to an amount sufficient to pay the balance of decedent's debts. But out of the mortgage money must first be paid the balance due upon the mortgage now upon the property executed by testator. This is $1,827, with interest, and the property is assessed at $6,700, but is supposed to be worth $8,000.

Irrespective of the act of assembly, the widow, by accepting the provisions of the will in lieu of dower, is a purchaser for value, and entitled to her life estate in preference to the devise in trust for the adopted daughter and her children. Moreover that this is also the intention of testator is clear from his will; for he expressly directs an abatement of all his bequests in favor of his wife. We see no other course for the executors to adopt than that pointed out by the act of assembly, to sell the two properties mentioned at public sale for payment of testator's debts, and, if they can obtain a loan sufficient to pay the unpaid balance thereof, to execute a mortgage therefor upon the premises No. 12 and No. 14 West Walnut Lane, the same to be in the usual form. But if such loan cannot be obtained, then the only resource will be to sell said premises at public sale. It need hardly be stated that the creditors are entitled to payment of their claims in preference to legatees, however unfortunate it may appear to be. And no sufficient reasons being shown for the further postponement of payment, we must overrule the demurrer and grant the prayer of the petition. The proper decree will hereafter be made when presented by counsel for the petition, the same to be made, however, without prejudice to the right of the adopted daughter, if any, should she hereafter claim reimbursement out of the real estate devised in trust for the widow.

The following decree was entered:

And now, July 15, 1895, this case having been heard on petition of the Philadelphia Trust, Safe Deposit and Insurance

company, executors, and the answer of Mrs. Emily Taylor, the widow of the decedent, and the demurrer interposed by and on behalf of Mrs. Mary T. Walker, the adopted daughter and devisee of Enoch Taylor, and it having been shown to the court since the filing of the petition that the properties No. 16 and 18 West Walnut Lane have been sold at private sale for the consideration of $200, subject to the mortgages upon the same, it is now ordered, adjudged and decreed that the executors shall proceed to mortgage the property Nos. 12 and 14 West Walnut Lane, if it is feasible and possible to do so, for an amount sufficient to pay the balance of the debts due by the said estate, including the balance due upon the mortgage now upon the property, executed by the testator amounting to $1,827, with interest, which is to be paid first out of the amount realized by said proposed mortgage.

*Errors assigned* were in overruling demurrer, and entering decree as above.

*Frederick J. Geiger, William W. Porter* with him, for appellant.—Where the residue of an estate consists chiefly of a vested remainder which, by the terms of the will, has been converted into personalty, such residue abates prior to a specific devise in the payments of debts and legacies: McClelland's Est., 158 Pa. 186; McKee v. McKinley, 33 Pa. 92; McCracken's Est., 29 Pa. 428; Root's Will, 51 N. Y. 435; Freeman on Executions, sec. 178.

*R. L. Ashhurst, H. S. P. Nichols* and *Joseph De F. Junkin*, with him, for appellees.—The case of McKee v. McKinley, 33 Pa. 92, relied on by appellant, was directly overruled in Guthrie's Appeal, 37 Pa. 9.

PER CURIAM, April 6, 1896:

For reasons, clearly and concisely given by the court below, it was undoubtedly right in overruling appellant's demurrer and entering the decree from which this appeal was taken. There is nothing in the case that requires discussion. We affirm the decree on the opinion of the learned president of the orphans' court, and dismiss the appeal at appellant's costs.