JOHN C. MOORE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18861. Promulgated March 28, 1929.

*George M. Morris, Esq., Kendall B. Castle, Esq.,* and *Allen H. Gardner, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

OPINION.

PHILLIPS: This proceeding raises the interesting question of the proper treatment, for the purposes of the income tax, of a transaction by which one acquires property in exchange for an agreement to pay an annuity over an indefinite period. Do the annual payments represent cost of the property? If so, how is the cost to be determined if the property is sold before the annuity contract has been performed, or, which is a variant of this inquiry, what cost does the property have for the purpose of depreciation? If the annuitant dies before payments have been made which equal the value of the property, has the purchaser realized a gain or, conversely, if the payments exceed the value of the property, has there been a loss? Some of these questions are within the framed issues in this case; the others must be in mind in reaching our conclusion.

Taxing statutes must be such that they are practical of administration. The administration of the income-tax law requires that the income of each year be susceptible of determination. So far as possible, business transactions must be treated in a manner which will permit a practical application of the statute, which requires that taxable income be ascertained for each year, except in those cases where the statute provides for a different treatment of income from specific transactions. This does not differ from the ordinary requirements of business that capital and liabilities, income and losses, be ascertainable.

If we regard the annuity payments here in question as deferred payments of the purchase price, there is no fixed cost until the annuitant dies, and insoluble difficulties appear in the application of the tax law to any transaction which necessitates the fixing of such cost prior to such death. On the other hand, if we may treat the transaction as in its nature divisible into an acquisition of real estate and the assumption of an annuity contract, we have a situation which fits into the tax law. Such a treatment does no violence to the transaction; it is in precise accord with it. The petitioner has acquired real property and has parted with its obligation to perform the terms of an annuity contract. The seller has disposed of her property and has received an annuity contract. Where property has been sold for notes or for other property, gain or loss is measured by the value of such notes or other property. Similarly, when property was purchased abroad, the price being payable in foreign currency, we held that the cost was the value of the foreign currency at the date of the purchase, that if payment was not made at that time there was a venture in foreign exchange and that gain or loss on such venture was to be reported as from a sale of foreign currency and did not affect the purchase price of the goods. *Joyce-Koebel Co.*, 6 B. T. A.

403; *Bernuth Lembcke Co.*, 1 B. T. A. 1051. The principle here is the same. Petitioner in effect sold an annuity and received real estate worth $80,000. It sold an annuity of $10,000 per year for $80,000. Having thus entered upon an annuity venture, it must look to that venture to determine whether any gain or loss has resulted.

Moreover, such a solution is in accord with good accounting, which the statute recognizes as one of the matters to be considered in determining the income. Section 212, Revenue Act of 1921. It would obviously be improper for the petitioner, immediately after securing the deed, to have included the real estate in a balance sheet at a cost equal to the first payment made. It would have been equally improper to have failed to include in its liabilities its obligation under the annuity contract, or to continue to include annuity payments as cost long after the actual value of the property has been paid the annuitant. On the other hand, it would be sound accounting to list the real estate as an asset at its value and the annuity contract as a liability. *Steinbach Co.*, 3 B. T. A. 348.

The computation of the value of an annuity involves the reduction of future payments to their present worth by discounting such payments at some agreed rate of interest. In the instant case the present value on December 26, 1912, of these future payments has been fixed at $80,000. According to the stipulation, this represents the present value of a $10,000 annuity to one whose expectancy was 11.208 years. This would represent total payments of $112,080 during these years, but a part of those payments would represent interest for the use of money. Since the present value of the annuity is arrived at by means of adding together the discounted value of the future payments, it is proper that only such discounted value of each payment should be treated as a payment upon the principal of the obligation and the discount should be treated as a payment of interest. If the whole of each payment is treated as a payment upon the principal of the obligation, the obligation would be written off in eight years, whereas it is evident from the stipulation that the normal life of the obligation is 11.208 years. Since this period would not expire until after the years here in controversy, we are of the opinion that there has been no loss except to the extent that the payments made during the years in question represented the excess over the present value of such payments on February 26, 1912.

So far as the increase in payments made under the amendment of 1917 is concerned, we are of the opinion that such payments may not be deducted. The petitioner received nothing for its agreement to increase the annual payments. The act was purely voluntary, without consideration and in the nature of a gift. Such payments do not represent cost of the real estate, payments under the annuity

venture or expenses of the petitioner. No basis exists for their deduction.

It follows from what we have said above that the cost of the real estate to the petitioner was $80,000 and that depreciation is properly to be computed on that basis.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

STERNHAGEN, dissenting: Upon the two issues submitted, I am of opinion that no part of the amounts paid by the corporation to the seller of the building can be deducted, because all payments are the purchase price or cost of the building and such an investment of capital is not deductible. The depreciation deduction must be based on actual cost. *United States* v. *Ludey,* 274 U. S. 295. Although the base varies each year by the addition of a new payment and the rate varies as to each payment because of the progressively shortening life, this is clear and can be easily computed by arithmetic.

MARQUETTE, SMITH, TRAMMELL, ARUNDELL, VAN FOSSAN, and MURDOCK agree with this dissent.