JULIA BUTTERWORTH, HENRY W. BUTTERWORTH, AND GIRARD TRUST COMPANY, TRUSTEES UNDER THE WILL OF WILLIAM B. BUTTERWORTH, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44368. Promulgated June 23, 1931.

*Charles Myers, Esq.*, for the petitioners.
*Burton E. Eames, Esq.*, as *amicus curiae.*
*M. E. McDowell, Esq.*, and *Maxwell M. Mahany, Esq.*, for the respondent.

OPINION.

ARUNDELL: By decedent's will it was provided that his property, after making certain specific bequests, should be placed in trust and the income therefrom paid to the widow. Under the statutes of Pennsylvania a surviving spouse may elect to take either under or

against the will. Election to take under the will bars the right of the survivor to dower or any statutory interest in the estate of the decedent. Sec. 8335 et seq., Penna. Stat. 1920; Purdon's Penna. Stat. Title 20, § 261. In this case the widow elected to take under the will, and during the taxable years the trustees, pursuant to the directions of the will, paid her the income produced by the property held in trust under the will.

The statute here involved is section 219 of the Revenue Act of 1924 which, as far as material here, provides:

SEC. 219. (a) The tax imposed by * * * this title shall apply to the income of estates or of any kind of property held in trust, including—

*    *    *    *    *    *    *

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries * * *;

*    *    *    *    *    *    *

(b) Except as otherwise provided * * * the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

*    *    *    *    *    *    *

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

Under this statute the trustees claim that in computing the net income of the trust they are entitled to deduct the sums paid to the widow as "income * * * distributed currently by the fiduciary to the beneficiaries." The respondent disputes this claim on the ground that, because certain court decisions hold that payments received by a widow under the circumstances herein are not taxable to her, the payments may not be deducted by the trustees, as it is only income that is taxable to the beneficiary that is deductible.

In *Warner* v. *Walsh*, 15 Fed. (2d) 367, there was a testamentary trust and decedent's widow was to receive an annuity for life out of the income, but if necessary, out of the principal. Those provisions were in lieu of the widow's statutory rights in decedent's estate and were so accepted by her. The question for decision was whether the widow was subject to tax on the annuities received. The court held that the widow was not taxable on the amounts received until they equaled the value of her surrendered dower right, saying in part:

What we have here is, in fact and in legal effect, the purchase of an annuity, in no way differing from an annuity purchasable by the widow from an insurance company, with the proceeds of her statutory rights in the estate,

except only that in such a purchase she would have an unsecured obligation, whereas here the obligation is secured by the income and principal of the trust fund. That such a relinquishment of dower rights is a purchase of the will provision is well and long established. *Burridge* v. *Beabyl*, 1 Pere Wms. 127 (1710); *Isenhart* v. *Brown*, 1 Edw. Ch. (N. Y.) 413 (1832); *Requa* v. *Graham*, 187 Ill. 67, 58 N. E. 357, 52 L. R. A. 641 (1900). That a purchased annuity, even if income, is exempt as and to the extent that it is a return of premiums paid therefor; that is, until the purchase price shall have been returned, is determined by the express provisions of the acts above cited, as construed by the Bureau of Internal Revenue.

There was much the same situation in *United States* v. *Bolster*, 26 Fed. (2d) 760, except that the widow was to receive the income from the testamentary trust instead of a fixed annuity as in *Warner* v. *Walsh, supra.* The testamentary provision for the widow in the *Bolster* case was expressly made in lieu of dower. In that case the court said in part:

The federal income tax laws recognize the legal status of the taxpayer as created by local law, and fix the taxes in accordance with such law. By the General Laws of Massachusetts (chapter 191, §15), as well as under the earlier statutes, a surviving husband or wife may refuse to accept the provisions of a will and take his or her statutory share in the corpus of the estate as if the deceased had died intestate. When the surviving husband or wife accepts the provisions of the will, whether or not such provisions are expressly declared to be "in lieu of such statutory rights," the survivor is in the position of one who sells property to the estate, and acquires the legal status of "a purchaser for a valuable consideration."

In *Pollard* v. *Pollard*, 1 Allen, 490, 491, speaking for the Supreme Judicial Court of Massachusetts, Chief Justice Bigelow said:

"The bequest in this case to the widow of the testator is made in express terms in lieu of dower, and on condition that she relinquishes all her right and title thereto.

"A wife cannot be deprived of her dower except by her own consent. Therefore, when she accepts a provision in her husband's will as a substitute for this existing legal right, the law regards her as standing in the light of a purchaser for a valuable consideration, and entitled to receive the whole of the sum given by the will, for which she has relinquished her life estate in one-third of the testator's real estate, in preference to other legatees, who, being only objects of the bounty of the testator, and not having any legal claim on his estate, are regarded as volunteers, and are not allowed to take until the widow has received the full amount of the bequest to her."

\* \* \* \* \* \* \*

Under the principles announced by the Supreme Judicial Court of Massachusetts, we think that, in the case before us, the payments made to Sarah A. Davenport during the years in dispute represented "purchase money" or "installment payments" by the estate in consideration for her share in the corpus of the estate. We think, then, that she was a "purchaser for value."

\* \* \* \* \* \* \*

In the case at bar the local law gave Sarah A. Davenport the status of a "purchaser for value." The federal income tax law recognizes that status. We think it clear that she was not liable for the payment of any of the taxes in dispute; \* \* \*

\* \* \* \* \* \* \*

While in the *Warner* case the court had before it an annuity, the provision relating to the annuity was made expressly in lieu of statutory rights of the beneficiary in the estate; we think the principles announced in that case are controlling in the case before us * * *.

In *Allen* v. *Brandeis*, 29 Fed. (2d) 363, the testator gave his widow an annual sum of $50,000 for life in lieu of dower, and the widow elected to take under the will and relinquish her dower interest in the estate. Following the *Warner* and *Bolster* cases, *supra*, the court held that the annual sums received by the widow were not taxable until she had recovered the value of her interest in the decedent's estate which she had relinquished by her election. The opinion reads in part:

It is freely conceded, if the widow had taken the amount of her interest in the estate, and with that sum had purchased an annuity of $50,000.00 per annum for a period of years, such annuities, when paid to her, would not have been taxable to her under the law, for the laws above referred to so provide. In legal effect, is that not precisely what was done in this case? She took her property by her acquired under the laws of the state, turned the same over to her husband's estate under an agreement she should receive as the purchase price of her interest $50,000.00 per annum from the estate, that is to say, her invested capital was the value of her interest in her husband's estate, to wit, $483,727.79. By the expenditure of this sum, the same being her own money, she purchased an annuity of $50,000 per annum from those representing her husband's estate to be paid out of that estate. Clearly, in such case, under the law, she should not be required to pay any income tax on the annual payments received until her capital invested in the annuities shall have been returned to her.

After the adjudication of the above cases the respondent published ruling I. T. 2506, C. B. VIII–2, p. 129, holding that in such cases payments made to the widow prior to the time she recovers the value of her dower or statutory interest may not be deducted in computing the net income of the trust, and ruling I. T. 2480, C. B. VIII–2, p. 141, holding that after she has recovered the value of such interest " she is treated as any other income beneficiary " and the executors or trustees will then be permitted to deduct the annual payments in computing net income of the estate or trust. It is the validity of the first of these rulings that is in question here, that is, the treatment of the annual sums by the trustee before the time they equal the value of the right surrendered by the widow. We have no question as to the treatment of such sums by either the trustee or the widow after that time. We make this observation because there may arise a question as to whether such sums will then be technically annuities and not taxable as in *Burnet* v. *Whitehouse*, 283 U. S. 148, or whether they are bequests of income and taxable as in *Irvin* v. *Gavit*, 268 U. S. 161, and *Heiner* v. *Beatty*, 17 Fed. (2d) 742, affirmed per curiam, 276 U. S. 598.

The idea expressed by the Circuit Courts of Appeals in the above cases that annuities are not taxable until cost has been recovered finds support in the decision of the Supreme Court in *Burnet* v. *Logan*, 283 U. S. 404. In that case the taxpayer in 1916 surrendered shares of stock for cash and the right to receive annually indeterminate future amounts based on the amount of ore removed from a mine. In 1917 the taxpayer inherited from her mother the right to receive similar payments on account of stock surrendered by the mother in 1916. In the years before the court the sums received by the taxpayer—the cash in 1916 plus subsequent annual payments—had not equaled the March 1, 1913, value of her surrendered stock, which value was greater than cost. Nor had the sums received by her on account of the stock surrendered by her mother equaled the value of her inherited right to receive future payments. As to the sums received from the surrender of the taxpayer's own stock, the court said:

The transaction was not a closed one. Respondent [taxpayer] might never recoup her capital investment from payments only conditionally promised. Prior to 1921 all receipts from the sale of her shares amounted to less than their value on March 1, 1913. She properly demanded the return of her capital investment before assessment of any taxable profit based on conjecture.

As to the sums received as the result of inheritance the court said:

Some valuation—speculative or otherwise—was necessary in order to close the estate. It may never yield as much, it may yield more. If a sum equal to the value thus ascertained had been invested in an annuity contract, payments thereunder would have been free from income tax until the owner had recouped his capital investment. We think a like rule should be applied here. The statute definitely excepts bequests from receipts which go to make up taxable income. See *Burnet, Commissioner,* v. *Whitehouse,* 282 U. S. — (Apr. 13, 1931).

Likewise, the proposition asserted by the Circuit Courts of Appeals, that the widow by acceptance of provisions of the will in lieu becomes a purchaser for value, is amply supported by authority. See cases cited in the *Warner, Bolster,* and *Brandeis* cases. Such is the law of Pennsylvania. In *Appeal of Kline,* 117 Pa. St. 139; 11 Atl. 866, it is said:

It is true that her acceptance under the will must be regarded as an acceptance in lieu of dower, and so to be taken as a purchase for a valuable consideration * * *.

*In re Denis' Estate,* 169 Pa. St. 493; 32 Atl. 436, holds that:

She has surrendered her rights under the intestate law in accepting these provisions, and was therefore a purchaser for value of the testamentary provisions in her favor.

*In re Taylor's Estate,* 175 Pa. St. 60; 34 Atl. 307, holds:

The widow, by accepting the provisions of the will in lieu of dower, is a purchaser for value * * *.

The above decisions consider the situation from the standpoint of the widow. Considered from the viewpoint of the estate, the holdings are that what occurs in a case of this sort is the purchase by the estate, through the trustee, of the share to which the surviving spouse was entitled. In *ReQua* v. *Graham*, 187 Ill. 67; 58 N. E. 357, Mrs. Nichols by her will gave her husband an annuity in lieu of the interest in her estate to which he would be entitled. Suit was brought to subject the annuity to payment of a judgment against the husband. The holding of the court was that the husband was a purchaser of the annuity and consequently was not protected by a statute which exempted from creditors' bills trusts created by persons other than the debtor himself. In the course of the opinion the court says: "The annuity in question was a mere offer by Mrs. Nichols to her husband for the purchase of his interest in her estate." The opinion quotes from *Blatchford* v. *Newberry*, 92 Ill. 11, 62, as follows:

A provision by will in lieu of dower is in fact and in legal effect a mere offer by the testator to purchase out the dower interest for the benefit of his estate.

*Isenhart* v. *Brown*, 1 Edw. Ch. 413, is quoted in *Carper* v. *Crowl*, 149 Ill. 465; 36 N. E. 1040; and *ReQua* v. *Graham, supra*, in part as follows:

It [a devise in lieu of dower] is the price put by the testator himself upon that right, and which she is at liberty to accept, * * * So, on the other hand, the husband offers a price for his wife's legal right of dower which he proposes to extinguish; and if she agrees to the terms, she relinquishes it and is entitled to the price. It is, therefore, a matter of convention or contract between them; and what she thus becomes entitled to receive is not by way of bounty—like other general bequests; but as purchase money for what she relinquishes.

To the same effect is *Green* v. *Saulsbury*, 6 Del. Ch. 371; 33 Atl. 623.

Section 219 of the Revenue Act of 1924, quoted above, deals with income. It taxes trust income primarily to the trustee, but it allows the trustee to deduct the "income * * * which is to be distributed currently by the fiduciary to the beneficiaries." This provision in our opinion relates solely to amounts paid as income to the objects of the testator's bounty. It does not apply to other payments by the trustee, as in this case where the trustee was completing the offer made to the widow for the purchase of her share in the estate; the trustee in such case was merely carrying out the "convention or contract" (*Isenhart* v. *Brown, supra*) between the testator and his widow. The widow in such a case is in no sense a beneficiary, but, as held by the authorities above quoted, she is a "purchaser for value." The statute taxes to a beneficiary only "income paid as such" (*Burnet* v. *Whitehouse, supra*) and in our opinion con-

templates the deduction by the trustee only of income paid as such to a pure beneficiary as, for example, in the *Gavit* and *Beatty* cases, *supra*.

Petitioners call our attention to the rule that in case of doubt, taxing statutes are to be construed against the Government and in favor of the citizen. In view of the authorities quoted as to the status of the widow who takes a bequest in lieu of dower, we think there is no doubt that the amounts paid to her in this case are not " income * * * distributed * * * to the beneficiaries " and there is no room for application of the rule urged.

It is also argued by the petitioners that the last clause of section 219 (b) (2), which provides that the amounts deducted by the trustee shall be included in the income of the beneficiary, is directed solely to the beneficiary and has no bearing on the preceding part of the section which gives the deduction to the trustee. We have indicated in our discussion so far that our decision is not rested on the last clause of section 219 (b) (2) but is based on the preceding part under which the trustees claim the deduction. But even conceding that there is merit to the claim urged, it does not help the petitioner's case. The point urged is illustrated by supposing the beneficiary to be dishonest and failing to report income; or, as suggested by *amicus curiae*, the beneficiary might be exempt from tax. These examples do not fit the present case because in them it is taken as a premise that there is a beneficiary who has received distributable income, and such is not the case here for reasons above given.

Petitioners also cite *Lederer* v. *Stockton*, 260 U. S. 3, in which the Supreme Court held that the trustee of a fund should not be taxed on the income from the fund which had been loaned to an exempt institution pending the time the institution was entitled to it absolutely. During this time the institution enjoyed the income of the fund except a comparatively small part necessary to pay an annuity. The court held:

As the Hospital is admitted to be a corporation, whose income when received is exempted from taxation under § 11 (a), we see no reason why the exemption should not be given effect under the circumstances. To allow the technical formality of the trust, which does not prevent the Hospital from really enjoying the income, would be to defeat the beneficent purpose of Congress.

We think it obvious that that case has no application here. The taxing statute does not purport to put widows in an exempt class and we know of no provision for them which could be construed as evidencing in their behalf any " beneficent purpose of Congress." The Circuit Courts of Appeals cases discussed in the early part of this opinion are not authority for holding that widows constitute an exempt class of persons. Those cases merely put the widow in the

same class as other purchasers of annuities, and who receive no taxable income until the cost of the annuities has been recovered.

It is also argued that, if the respondent's position is sustained, the widow gets no real benefit from the decisions holding nontaxable the payments made in lieu of dower. It is not the purpose of courts to construe taxing laws so as to confer benefits other than those prescribed by the statute. If it so happens that certain persons are benefited by one provision of the law, it does not follow that they must receive equal benefits under others. As pointed out above, the courts have not singled out widows and given them an exempt status, but have only in such cases as this, placed them in the same class as other purchasers of annuities.

In reaching our decision that the amounts paid to the widow in this case are not deductible by the trustee, we have not overlooked the case of *Commissioner* v. *Moore Corporation*, 42 Fed. (2d) 186; affirming 15 B. T. A. 1140. In that case Hattie I. Moore conveyed to the taxpayer certain land and buildings in consideration of the taxpayer's agreement to pay her $10,000 a year for life. It was held that each annual payment of $10,000 consisted in part of principal and in part of interest, and that the amount deductible by the taxpayer as interest was the difference between the $10,000 and its discounted value as of the date of the conveyance. In this case there is no issue as to apportionment and we have no occasion to inquire into that question.

We also recognize that for some purposes a distinction must be drawn between a bequest of income and a bequest of an annuity. Cf. *Whitehouse* and *Gavit* cases, *supra*. But in the view we take it is not necessary to draw that distinction here. That question may arise after the widow has recovered the value of her dower right (*Allen* v. *Brandeis* and *Burnet* v. *Logan*, *supra*), but it is not present in the taxable years.

Reviewed by the Board.

> *Decision will be entered redetermining the deficiencies in the amounts stipulated.*

STERNHAGEN concurs solely by reason of prior court decisions.