ESTATE OF T. S. MARTIN, DECEASED, J. EARLE MARTIN, JULES T. MARTIN AND HOWARD V. MARTIN, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

T. S. MARTIN REALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43739, 44583, 45001.   Promulgated November 23, 1931.

*William D. Harris, Esq.*, and *William J. Neale, Esq.*, for the petitioners.

*Miles J. O'Connor, Esq.*, for the respondent.

864

OPINION.

VAN FOSSAN: In the case of *Julia Butterworth et al.*, 23 B. T. A. 838, the Board, in an exhaustive opinion, reviewed the decisions applicable to the facts here presented. In that case decedent's widow elected to take under the will in lieu of dower. In the taxable years the trustees under decedent's will paid over to the widow the sums to which she was entitled under the will and claimed deductions therefor in computing net income of the testamentary trust. The amounts so paid to the widow, plus the amounts similarly paid to her in previous years, were not equal to the value of the dower interest that she relinquished by electing to take under the will. We held that the amounts paid to the widow were paid to her in satisfaction of her dower right and not distributions of income within the meaning of section 219 (b) (2) of the Revenue Act of 1924, and hence are not deductible in computing net income of the trust.

In the instant case the same principles govern. The record does not establish the value of decedent's estate or permit us to determine as a fact that the payments made in any of the taxable years, together with all payments made in previous years, exceed the value of the widow's dower interest. If this be a fact it was part of the burden of proof assumed by petitioners and may not be left to presumption or assumption. In the absence of contrary proof our conclusion must be that the respondent was correct in disallowing the deduction claimed by the estate. Petitioner introduced no evidence to contradict respondent's revised computation, which results in a deficiency for 1924 of $1,765.02.

By parity of reasoning we arrive at the same conclusion as to the deductions claimed by the corporation to which the property was transferred as of January 1, 1925. The annuity provided by the will was a charge against a particular asset and, when that asset was disposed of, was a general charge against the remainder of the estate. The three sons of T. S. Martin were the residuary beneficiaries of the estate. When they, as individuals, and not as trustees, organized the T. S. Martin Realty Company and transferred all the income-producing assets of the estate to that corporation for its capital stock, they necessarily transferred such assets subject to the charge of the annuity. Agnes J. Martin, the widow, took no part in the organization of the corporation, received none of its stock and did not transfer to it the interest she had in the estate. Thus the corporation acquired the income-producing assets encumbered by the annuity charge, and the corporation to this extent stepped into the shoes of

the estate. It follows that payments of the annuity by the corporation were stamped with the same character as when made by the estate. They represented capital expenditures made as part of the purchase price of the dower interest. The deductions claimed by the corporation in 1925, 1926 and 1927 on account of the annuity payments were properly disallowed by the respondent.

As to the deficiency of $205 asserted against the estate for the year 1925, the respondent was obviously in error. The assets out of which income grew were transferred to the corporation late in 1924 and thereafter the estate had no income. The annuity was paid by the corporation. Consequently the estate had no tax liability.

The deficiency originally determined against the estate for the year 1924 was $300. By proper pleadings respondent made claim for an increased deficiency for said year and submitted his revised computation thereof, the total deficiency now determined and claimed by the respondent for 1924 being the sum of $1,765.02.

> *Decision will be entered in Docket No. 44583 redetermining a deficiency in the amount of $1,765.02 for the year 1924 and of no deficiency for the year 1925. Decision will be entered for the respondent in Docket Nos. 43739 and 45001.*