*1362 OPINION.
TRAMmell :
During the taxable years the petitioner trustee paid over to the decedent’s widow income from the corpus of the trust estate in accordance with directions contained in the will. The widow elected to take under the will in lieu of her statutory dower interest. The amount so paid to the widow in the taxable years, together with the amounts paid to. her in prior years, did not equal the value of her dower interest at the date of decedent’s death, thereafter surrendered by her. Kespondent, in computing the deficiencies, disallowed as deductions from the petitioner’s gross income the amounts so paid to the widow during the taxable years. The correctness of this action of the respondent is the basis of the first issue presented for consideration here.
The amounts of said income of the trust estate so paid to the widow are claimed by the petitioner as deductions under section 219 (b) (2) of the Revenue Act of 1926, the provisions of which are the same as those of section 219 (b) (2) of the Revenue Act of 1924. The decedent died a resident of Pennsylvania.
In Julia Butterworth et al., Trustees, 23 B. T. A. 838, the decedent died testate in 1925, while a resident of Pennsylvania, and the widow in that case elected to take under the will in lieu of dower. In the taxable years 1924 and 1925 the trustees under the decedent’s will paid over to the widow the sums to which she was entitled under the will and claimed deductions therefor in computing the net income of the testamentary trust. The amounts so paid to the widow, plus *1363 the amounts similarly paid to her in previous years, were not equal to the value of the dower interest that she relinquished by electing to take under the will. We held that the amounts so paid to the widow were paid to her in satisfaction of her dower right and were not distributions of income within the meaning of section 219 (b) (2) of the Revenue Act of 1924, and, hence,' not deductible in computing net income of the trust. To the same effect see also Frank Pardee et al., Trustees, 23 B. T. A. 846.
The question presented in the case at bar is the same as that considered and decided by us adversely to the petitioner’s contention in the cases above referred to, and both the law and the facts in all essential respects are identical. Accordingly, on authority of those decisions, the respondent’s action on the first issue here is approved.
The second issue raised by the petitioner involves the question whether the respondent erred in denying as deductions amounts equal to one-third of the income of the trust paid to the widow in the taxable years, one-third of the corpus being payable, after the death of the widow, to certain charitable institutions. This issue also, we think, must be decided against the petitioner.
In Paragraph VI of his will, decedent devised and bequeathed the residue of his estate to the trustee, for the purpose, among other things, of collecting the income and paying first the sum of $4,000 per annum to decedent’s son, Henry, until the death of his mother, and the balance of the income to the decedent’s wife (widow) “ for and during all the term of her natural life.” Upon the death of the widow two-thirds of the income was to be paid to the son for and during the term of his natural life. The remaining one-third of the income, after the death of the widow, was to be accumulated during the minority of the decedent’s granddaughter, and this accumulated income upon the happening of certain contingencies, was to be given to the Pennsylvania Hospital. The principal, consisting of one-third of the decedent’s residuary estate, or corpus of the trust, after the decease of the granddaughter, was to be transferred to the granddaughter’s children, if any, but in default of such issue, was to go to certain designated charities.
By these provisions of the will, the entire income from the decedent’s residuary estate, which constituted the corpus of the trust, less $4,000 per annum given to the son, was payable to the widow for and during the term of her natural life. It follows that during the widow’s lifetime the charitable institutions were not entitled to receive any portion of the income. Upon the death of the granddaughter in 1924 without issue, the contingent interest of the charities in the one-third part of the residuary estate became vested, but such institutions still were not entitled to receive any income therefrom until after the death of the widow. The amounts of income *1364 from the trust estate paid over to the widow during the taxable years in accordance with the terms of the will do not, therefore, constitute income accumulated for the benefit of or in any event payable to the charitable institutions, and hence are not deductible from gross income in computing the net income of the trust estate. The respondent’s action on this point is approved.

In Docket No. I¡8jj9%, judgment will be entered under Bide 50. In Docket No. 51669, judgment will be entered for the resgondent.