OLD COLONY TRUST COMPANY, FRANK B. BEMIS AND PARKER CONVERSE, TRUSTEES U/W OF HARRY E. CONVERSE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54984. Promulgated April 6, 1933

*Harris H. Gilman, Esq.,* for the petitioners.
*C. A. Ray, Esq.,* for the respondent.

1087

MORRIS: The question for our determination, as announced at the outset, is whether or not the petitioners, trustees under the will of Harry E. Converse, deceased, are entitled to deduct from the gross income of the trust, under the provisions of section 219 (b) (2) and (3) of the Revenue Act of 1926 and section 162 (b) and (c) of the Revenue Act of 1928, distributions made by them to the widow of the decedent. Section 219 of the 1926 Act, which, to the extent of our present concern, is identical with section 162 of the 1928 Act, provides:

(a) The tax imposed by * * * this title shall apply to the income of estates or of any kind of property held in trust, including—

* * * * * * *

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, * * *

* * * * * * *

(b) Except as otherwise provided * * * the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

* * * * * * *

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary.

The petitioners' counsel frankly concedes the similarity of the facts in the instant case to those in *Julia Butterworth*, 23 B. T. A. 838, a case involving the identical issue raised here, but he seeks a different ruling from the one there because of a difference between a provision of the Pennsylvania statute under which the *Butterworth* case arose and a like provision of the Massachusetts statute governing the property settlement in the instant case.

In view of this concession on the part of the petitioners' counsel there would seem to be no necessity for dwelling upon the decision in the *Butterworth* case except to say that there, as here, the respond-

ent disallowed claimed deductions asserted by the trustees representing amounts paid by such trustees to the decedent's widow under the will, the widow there, as here, having waived her statutory right of dower and having elected to take under the provisions of the will instead.

The statutes of both States, Pennsylvania and Massachusetts, provide for the power of election on the part of the widow, but in Pennsylvania if she elects to take her dower interest instead of under the will, " the surviving spouse shall be entitled to one-third part of the real and personal estate "—Pennsylvania Statutes 1920, sec. 8335—whereas, in Massachusetts, if a widow so elects, ". she shall thereupon take the same portion of the property of the deceased, real and personal, that  *  *  *  she would have taken if the deceased had died intestate; except that if  *  *  *  she would thus take real and personal property to an amount exceeding ten thousand dollars in value,  *  *  *  she shall receive in addition to that amount only the income during  *  *  *  her life of the excess of  *  *  *  her share of such estate above that amount, the personal property to be held in trust and the real property vested in  *  *  *  her for life, from the death of the deceased "—Massachusetts General Laws, ch. 191, sec. 15. It is this statutory distinction upon which the petitioner relies to avoid the principle of the *Butterworth* case.

A well settled general rule of law upon which the *Butterworth* case is founded is that where a widow exercises her statutory right of election and takes under the will in lieu of her dower right she becomes a purchaser for value of the testamentary provisions in her favor and that, in legal effect, she purchases an annuity and that she receives under the will, as such, and not as a beneficiary. Ample citations of authorities for this rule have been collected and set forth in the *Butterworth* case and need not be repeated here. And, as we said in the *Butterworth* case: " Considered from the viewpoint of the estate, the holdings are that what occurs in a case of this sort is the purchase by the estate, through the trustee, of the share to which the surviving spouse was entitled."

The same provisions of the Massachusetts statute (General Laws of Massachusetts 191, sec. 15) which this petitioner differentiates from the Pennsylvania statute, thereby distinguishing the instant proceeding from the *Butterworth* case, were under consideration in *United States* v. *Bolster*, 26 Fed. (2d) 760, where also the kindred question of taxability of such distributions to the widow was involved. In holding such receipts to be a return of capital to the widow, hence, nontaxable, the court said: " The payments made to Sarah A. Davenport during the years in dispute represented ' purchase money ' or ' installment payments ' by the estate."

The petitioner contends, though, that the *Bolster* case is not authority for the question here for the reason that it did not consider the controversy from the viewpoint of the deductibility of such distributions by the trustees.

The same court which decided the *Bolster* case has now handed down its decision in *Katherine W. Atkins et al., Trustees* v. *Commissioner*, decided January 31, 1933, wherein the identical issue here raised was considered, that is, the deductibility of such distributions by the trustees as distinguished from taxability thereof in the hands of the recipients. In that case the court said in part:

In *United States* v. *Bolster*, 26 Fed. (2d) 760 [6 Am. Fed. Tax Rep. 7767], this court had before it for consideration the same provisions of law in the Revenue Acts of 1918 and 1921. In that case we pointed out that, under the statue of Massachusetts relating to waiver of a widow's dower and statutory rights in the estate of husband, the courts of Massachusetts, in construing those provisions of law, had held that the widow was a purchaser for value; and applying that construction to the case then under consideration, we held that she was not only a purchaser for value and not a beneficiary but that the sum received by her in return for her dower and statutory rights was a return of capital and not taxable to her as income. The Circuit Court of Appeals in the Eighth Circuit reached a like conclusion in *Allen* v. *Brandeis*, 29 Fed. (2d) 363 [7 Am. Fed. Tax Rep. 8305].

As it is determined by these decisions that, under the circumstances here presented, Mrs. Atkins was not a beneficiary within the meaning of the taxing statute and that what she received in the year 1927 was not in the capacity of a beneficiary, but of a purchaser for value, the petitioners, the trustees, were not entitled under Section 219 (b) (2) to have the payments made to her that year deducted in ascertaining the net taxable income.

In the case of *George D. Harter Bank, Executor*, 27 B. T. A. 941, the deductibility of distributions, similar to those here, was under consderation. The taxpayer there, as here, attempted to distinguish his case from the *Julia Butterworth* case because of a distinction between the legal status of a widow under the laws of the State of Ohio and under the laws of the State of Pennsylvania where the *Butterworth* case arose and the taxpayer cited a case decided by the courts of Ohio sustaining his views. Referring to such case and after consideration of the question presented, we said: " However, we do not feel that the rule announced by the Ohio Supreme Court in that case in construing the sections of the Ohio statutes which were before it, would have any effect to change the rule of Federal taxation which we announced in *Julia Butterworth, supra*, and other cases following it."

We are of the opinion that the principle in the *Butterworth* case should be followed and that, irrespective of the distinction to which we have referred between the statute considered in the *Butterworth* case and the Massachusetts statute, the *Bolster* case and

that of *Katherine W. Atkins, supra,* control our action in the instant proceeding.

Since the amounts paid to the widow up to and including the years in controversy are less than the value of her dower interest, the deductions claimed by the trustees were properly disallowed by the respondent and his action in so doing is approved.

*Decision will be entered for the respondent.*